**TAUSSIG et al. v. CHICAGO TITLE & TRUST CO.**

No. 9479.

United States Court of Appeals
Seventh Circuit.

Dec. 31, 1948.

Rehearing Denied Jan. 22, 1949.

Thomas Dodd Healy, Harold Stickler, Edward Atlas, and Daniel M. Healy, all of Chicago, Ill., for appellants.

Harold L. Reeve, Elmer M. Leesman, J. L. Higley, and Charles F. Grimes, all of Chicago, Ill., for appellee.

Before KERNER and SPARKS, Circuit Judges, and SWYGERT, District Judge.

SPARKS, Circuit Judge.

This is an appeal in a third party proceeding involving a title guaranty policy on real estate which had belonged to a group of testamentary trust estates. By the original proceeding, a beneficiary of one of the trusts, Mrs. Saxelby, asked for a declaratory judgment relating to certain transactions by which her brother, appellant Taussig, a co-trustee, became the sole beneficiary of Trust No. 4954 to which the property was conveyed, and as such, the owner of that property which had belonged to the main trusts. By her bill of complaint, Mrs. Saxelby further prayed that the American National Bank and Trust Company, trustee of Trust No. 4954, be directed to convey title to the property to a substitute trustee to be appointed by the court upon removal of Taussig and his co-trustee, also named as a defendant

in the main proceeding, and for an accounting.

Prior to hearing on the main complaint, Taussig and the American Bank obtained leave to file a third-party complaint against the Chicago Title and Trust Company, appellee here, setting up the fact of execution by it of an "Owner's Title Guaranty Policy" by which it guaranteed title to the property involved in the main proceeding, and praying that, in the event the court adjudged that his title failed, the Title and Trust be held liable under the policy, and demanding judgment for any loss that might be adjudged against him and the Bank in favor of the plaintiff in the main proceeding.

After full hearing in both proceedings, the court rendered separate findings of fact and conclusions of law in both the main proceeding and the third-party proceeding on the same day. By the former he found that Taussig, a lawyer, by a complex series of transactions we need not detail here, became the owner of the property here involved without the expenditure of any funds of his own, and that the trust estates of which he was trustee were divested of the ownership which they formerly held, all of which was done without notice to the beneficiaries of the trusts; that in these dealings with the trust estates Taussig did not act in good faith, and in fact acted in positive bad faith as indicated by the facts of his knowledge of the law, his concealment of facts known to him, his use of a nominee and of the secret trust, and his failure to give notice to his beneficiaries. He concluded that the complainant was entitled to restoration of the property to the trust estate, removal of Taussig and his co-trustee, appointment of a successor trustee, conveyance by the American Bank as trustee of No. 4954 to such successor trustee of the trust property without expense to the trust estate, an accounting of all income received by Taussig on the property wrongly diverted to his own use, and a general accounting of all income received from the trust estate, disallowance of any compensation for their work as co-trustees since the beginning of their derelictions

as such, and return to the successor trustee of all fees theretofore received by Taussig from 1940 to 1944, which fees were found to total $16,349 for the five-year period.

By separate findings entered simultaneously in the third-party proceeding, the court reiterated the principal findings relating to the property transactions whereby Taussig "acquired from the trusts of which he was trustee, an asset having a potential value of $25,000 to $40,000 in excess of the obligations required to be assumed to acquire it," the title to which had been guaranteed by Title and Trust, and further found that the third-party proceeding was an effort to recover on the title guaranty policy what the order of the court deprived him of because of his bad faith and breach of trust toward the beneficiaries under the trusts created by the will of his father. He therefore concluded that the title had failed by virtue of the direction of the court that it be conveyed to a new trustee, and that the title guaranty policy did not cover such failure for the reason that it was due to "defects, liens or incumbrances created, suffered or assumed by a beneficiary of Trust No. 4954," which it found specifically excluded from the coverage of the policy.

Orders pursuant to the findings of fact and conclusions of law were accordingly entered in both proceedings. No appeal was taken from the judgment in the main proceeding.

Appeal was duly taken from the order in the third-party proceeding denying recovery under the policy. This policy guaranteed the American Bank, as trustee under the provisions of a trust agreement dated January 19, 1940, known as Trust No. 4954, and all persons to whom the policy might be transferred with the assent of the insurer, against "all loss or damage which the party guaranteed shall sustain by reason of defects in the title of said trustee . * * * or by reason of liens or incumbrances affecting the title, at the date hereof, excepting only such defects, liens, incumbrances and other matters as are set forth in Schedule B below." The exceptions referred to included the following

described as "Acts Suffered by or Known to Party Guaranteed or Beneficiary":

"(a) defects, liens or incumbrances created, suffered or assumed by the party guaranteed or by any beneficiary; (b) rights or claims not shown of record at the date of this policy if known to the party guaranteed or to any beneficiary at the date hereof or at the time of acquisition by the party guaranteed of the title, estate or interest guaranteed or at the time of acquisition by such beneficiary of any beneficial interest under the trust; (c) loss or damage which the party guaranteed would not have sustained if said party were a purchaser for value; (d) loss or damage by reason of fraud of the party guaranteed or of any beneficiary * * *"

▆▆ Appellants contend that the facts which led to the order of the District Court on the American Bank to convey the property to a successor trustee, thereby defeating the title and causing the loss they contend was covered by the title guaranty policy, were known to the Title and Trust and waived by it, as shown by certain evidence offered by them in the form of memoranda in connection with preliminary negotiations for the issuance of the policy. They therefore contend that the exceptions relied upon for denial of liability under the policy are ineffective for that purpose. Appellee objected to the admission of these preliminary memoranda contending that the policy was the final contract between the parties, and that it merged everything that preceded it, and further, "For all that appears from the evidence, matters that were raised prior to the issuance of the guaranty policy were waived because in the form which the guaranty policy finally took, those matters were found to be immaterial."

We find no error in the action of the District Court in excluding the memoranda tendered in evidence, and in holding that the Title and Trust Company was not liable under the policy. The situation here is not one where the court must look back of the written instrument at preliminary discussions and investigations to determine the intent of the parties. There is nothing in the record to indicate that Title and Trust could have known the facts upon which the court based the findings of bad faith upon which the decree was primarily based. We assume that an insurer will not be deemed to have waived its rights unless it be shown that it has acted with full knowledge of the facts. 4 Couch, Cyclopedia of Insurance Law, sec. 821. Here we think that the most that can be charged to the knowledge of Title and Trust was that Taussig who was to be the beneficiary of Trust No. 4954 was a trustee and that he was acquiring title in his individual capacity to property which had belonged to the trust estates, with the approval of the Probate Court of Cook County which was administering the estate of which he was executor of the will under which the testamentary trusts had been created.

▆▆ It is fully established that a purchase by a trustee at his own sale is subject to attack and avoidance by the beneficiary. 3 Bogert on Trusts and Trustees, Part 1, § 484. This must be true whether the purchase is direct or through the medium of nominees. "But if the cestui finds the property in the hands of the purchasing trustee, he may obtain it for his own benefit * * *" Bogert, op, cit. So it may be, although we are not here called upon to determine, that the memoranda relied upon by appellants to show waiver of objections based on this potential defect to the title involved would have been effective for that purpose if no more were shown than what we might call "technical" violation of the breach of fiduciary duty showing no bad faith. However, the decree of the court was based on findings, amply supported by the evidence, of positive derelictions in his fiduciary duty, not mere technical violations. We find nothing of record to indicate that Title and Trust should have suspected such derelictions from the facts submitted to it, hence that it had any intention of waiving any objections based on such facts or of guaranteeing the title obtained as a result of such derelictions. We think all four of the exceptions contained in Schedule B, set forth above, are applicable to the situation here involved, and effective to exclude appellee from liability under the

policy. We find no merit in appellants' contentions as to the inapplicability of these exceptions under the circumstances here involved.

Judgment affirmed.