**JACKSON v. CARTER OIL CO. et al.**

No. 3896.

United States Court of Appeals Tenth Circuit.

Jan. 3, 1950.

F. E. Riddle, Tulsa, Okl., and I. F. Bradley, Kansas City, Kan., for appellant.

Forrest M. Darrough, Tulsa, Okl. (Glenn O. Wallace, W. M. Haulsee, Wewoka, Okl., and W. T. Anglin, Holdenville, Okl., on the brief), for appellees.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from an order of the court below entered February 25, 1949, which order restrained and perpetually enjoined the plaintiff, his guardian and their attorneys, from prosecuting a proceeding in the County Court of Tulsa County, Oklahoma, and from filing further suits or prosecuting further litigation against the defendants, or their successors in interest, based on the claim that the plaintiff is Raymond Jackson, the allottee of the land involved in the case.

The matter has been in the courts since 1932 and this is the third time that it has been before this court. The issue in all the litigation has been the identity of Raymond Jackson, a Seminole freedman, who was allotted the oil bearing lands involved in all the cases. The facts are fully set forth in the opinions of this court in the cases of Jackson v. Jackson, 10 Cir., 67 F.2d 719, and Jackson v. Carter Oil Co., 10 Cir., 156 F.2d 726, and will not be repeated here. In the numerous actions, including this one, the appellant maintained that he was the Raymond Jackson to whom the land was allotted and that he was being deprived of the lands and the proceeds thereof by fraud and collusion. Each time these questions were presented to the trial court there resulted a finding and final judgment that he was not the allottee but was an imposter.

On May 4, 1944, in the present case, the District Court entered a summary judgment dismissing the action with prejudice, which judgment also provided that the plaintiff "be and he is hereby restrained and perpetually enjoined from filing further suits or prosecuting further litigation against the defendants, or their successors in interest, based on the claim that he is Raymond Jackson, the allottee of the land involved in this case." The plaintiff failed to perfect an appeal from this judgment. He later filed a motion in the nature of a bill of review to vacate and set aside the summary judgment entered May 4, 1944. The grounds of the motion were that the order was entered as a result of fraud and collusion and upon newly discovered evidence. After hearing the evidence, the mo-

tion was denied. On appeal, the action of the trial court, in denying the motion, was affirmed. Jackson v. Carter Oil Co., supra.

On January 24, 1947, there was filed in the County Court of Tulsa County, Oklahoma, a petition for the appointment of a guardian of Raymond Jackson, the plaintiff herein, setting forth that he was the allottee of the lands described in the former actions. James A. Harris was appointed guardian. On February 12, 1947, the guardian filed in the guardianship proceedings what he designated a "petition to establish heirship and seeking instructions on behalf of the guardian," wherein it was alleged that the ward, Raymond Jackson, was in fact the allottee of the aforesaid 40 acres of oil bearing land. The declared purpose of the proceeding in the state court is to further litigate the claim that the ward, Raymond Jackson, is the allottee of the land in question. The record now shows that Mrs. James A. Harris is the guardian.

On March 7, 1947, the Carter Oil Company filed a motion requesting an order requiring Raymond Jackson, his guardian and attorneys, to appear before the court below to show cause why they should not be adjudged guilty of contempt for violation of the injunction provisions of the decree of May 4, 1944, and why they should not be enjoined from further prosecuting the proceedings in the state court. On March 19, 1947, the court over-ruled this motion on the grounds that it was without jurisdiction to interfere with the proceedings in the state court. In denying this motion, the court followed the rule established in Toucey v. New York Life Insurance Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, and the decisions of this Court in Miami County National Bank of Paola, Kansas, v. Bancroft, 10 Cir., 121 F.2d 921; Till v. Hartford Accident & Indemnity Co., 10 Cir., 124 F.2d 405; Sandlin v. Gragg, 10 Cir., 133 F.2d 114.

On December 24, 1948, the defendants filed a motion to set aside the order of March 19, 1947, and to grant the relief prayed for in the original motion. The plaintiffs filed a response to this last motion, which reviewed the history of the litigation, and stated their reasons for believing

tne former judgments of the court were wrong. In the state court pleadings it was alleged that the plaintiff's ward had been swindled out of his allotment by fraud and corruption and that the guardian should be authorized and directed to commence proceedings to vacate the several judgments in Federal Court. On February 25, 1949, the court sustained the motion and set aside the former order over-ruling the motion to show cause and entered an order which restrained and perpetually enjoined the plaintiff, Raymond Jackson, his guardian and attorneys, from further prosecuting in the Tulsa County Court the claim that the plaintiff, Raymond Jackson, is the son of Davis A. Jackson, deceased, and as such is the allottee of the land involved. The order also restrained the same parties from filing further suits or prosecuting further litigation against the defendants or their successors in interest based upon this claim. This appeal is from that order.

It is clear from the record that the primary purpose of the proceedings in the Tulsa County Court is to further litigate the claim that the plaintiff, Raymond Jackson, is the son of Davis A. Jackson and as such is the allottee of the land in question. The record contains numerous affidavits to the effect that the plaintiff, Raymond Jackson, is the son of Davis A. Jackson, deceased; that witnesses in the former trials were compelled by threats to give false testimony. Appellant's brief is devoted almost entirely to this proposition. The prayer of the petition filed in the state court prays for an order authorizing and directing the guardian to institute such actions or proceedings necessary to set aside and vacate the Federal Court judgments.

After hearing the last motion, the trial court did not attempt to punish the plaintiff for violation of the decree of May 4, 1944, but entered the aforesaid restraining order. The trial court found that the state court proceeding was an attempt to relitigate matters already determined in the Federal Court, therefore, the sole question presented in the case is whether or not Title 28 U.S.C.A. § 2283,[1] effective September 1, 1948, gives authority to a Federal Court to enjoin proceedings in a state court under circumstances such as are presented here. Prior to the Toucey decision, the law was generally understood and interpreted to the effect that the Federal Courts had the power to protect and effectuate their prior judgments by injunctions against the relitigation of cases and controversies in state courts.[2] The effect of this decision and those of this court heretofore mentioned was that Sec. 265 of the Judicial Code, 36 Stat. 1162, 28 U.S.C. § 379,[3] deprived a Federal Court of the power to enjoin a state court proceeding which was for the purpose of relitigating a controversy already fully determined in a Federal Court. Although the 1948 Act contains a general provision that a Federal Court may not grant an injunction to stay proceedings in a state court, it makes an exception when such injunction is "necessary * * * to protect or effectuate its judgment." The legislative history of this act clearly discloses that its purpose was to overcome the effect of the Toucey decision and to give Federal Courts the power to enjoin the relitigation

---

1. "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

2. Princess Lida of Thurn v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L. Ed. 285; Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, 367, 41 S.Ct. 338, 65 L.Ed. 673; Riverdale Cotton Mills v. Manufacturing Co., 198 U.S. 188, 195, 25 S.Ct. 629, 49 L.Ed. 1008; Julian v. Central Trust Co., 193 U.S. 93, 113, 24 S.Ct. 399, 48 L.Ed. 629; Root v. Woolworth, 150 U.S. 401, 410, 14 S.Ct. 136, 37 L.Ed. 1123; Dietzsch v. Huidekoper, 103 U.S. 494, 497, 26 L.Ed. 497; Hickey v. Johnson, 8 Cir., 9 F.2d 498, 505; Hesselberg v. Aetna Life Ins. Co., 8 Cir., 102 F.2d 23, 27.

3. "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

of cases and controversies which have been fully adjudicated in such courts,[4] and we so hold.

The proceedings filed in the Tulsa County Court being for the purpose of relitigating matters already fully determined, the injunction was proper.

The judgment is affirmed.

4. Hearings before sub-committee No. 1, House of Representatives. Revision notes, Title 28 U.S.C., Judiciary and Judicial Procedure, Sec. 2283, 28 U.S. C.A.

Georgetown Law Review, Nov. 1948, Vol. 37 page 396; Georgia Bar Journal, May 1949, Vol. XI, No. 4, page 396; Southwestern Law Journal, Summer 1949, Vol. 3, No. 3. page 246; Arkansas Law Review, Spring 1949, Vol. 3, No. 2, page 157.