**WEST VIRGINIA OIL & GAS CO., Inc. v. GEORGE E. BREECE LUMBER CO., Inc., et al.**

**Civ. A. No. 3690.**

United States District Court
W. D. Louisiana, Monroe Division.

April 19, 1952.

Hudson, Potts, Bernstein & Davenport, George M. Snellings, Jr., A. Milling Bernstein, James H. Trousdale, Jr., Monroe, La., for plaintiff.

W. M. Phillips, Freyer, Goode, Nelson & Freyer, Shreveport, La., for defendant.

DAWKINS, Chief Judge.

Plaintiff seeks to enjoin defendants from prosecuting a suit in the State Court on the ground that the latter proceeding is an attempt to relitigate issues settled in a judgment of this court in a former case. Jurisdiction is invoked under the provisions of the Act of June 25, 1948, 28 U.S.C.A. § 2283, reading as follows:

"Stay of State court proceedings.— A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

It is contended that the terms of a *consent* decree rendered by this court in the case of George Breece Lumber Company, Inc., v. West Virginia Oil & Gas Company, Inc., et al., No. 1172, are final, plain and unambiguous to the end that intervention by injunction at this time is necessary "to protect or effectuate its (the court's) judgment". Plaintiff cites Jackson v. Carter Oil Co., 10 Cir., 179 F.2d 524.

■ It is not deemed necessary to recite at length the demands of the former suit in this court, or the alleged transactions upon which they were based. No answer was filed in that case and the decree had the effect of ratifying or confirming the agreement which the parties themselves reached, and its terms, it would appear, are subject to interpretation in any court of proper judisdiction, the same as any other contract. The judgment of this court did not extend or enlarge these terms but left the parties where they, by their agreement, had placed themselves. See 49 C.J.S., Judgments, § 173, and authorities cited in footnotes. In the Jackson case, supra, there was a single question, i. e., whether the plaintiff, an Indian, was as he claimed "Raymond Jackson, the allottee of the land involved in the case". He was attempting to relitigate the same issue in the State Court when application was made to the District Court for the Eastern District of Oklahoma for an injunction under the above statute. The lower court granted the writ and in affirming that decision, the Court of Appeals for the Tenth Circuit said [179 F.2d 525]:

"The matter has been in the courts since 1932 and this is the third time that it has been before this court. The issue in all the litigation has been the identity of Raymond Jackson, a Seminole freedman, who was allotted the oil bearing lands involved in all the cases. The facts are fully set forth in the opinions of this court in the cases of Jackson v. Jackson, 10 Cir., 67 F.2d 719, and Jackson v. Carter Oil Co., 10 Cir., 156 F.2d 726, and will not be repeated here. In the numerous actions, including this one, the appellant maintained that he was the Raymond Jackson to whom the land was allotted and that he was being deprived of the lands and the proceeds thereof by fraud and collusion. Each time these questions were presented to the trial court there resulted a finding and final judgment that he was not the allottee but was an imposter."

There does not appear to be any similarity between that case and the present one. No reason is seen why the State court cannot interpret the agreement which was confirmed by the consent decree here, with the same facility as could this court. In Case No. 1172, this court did not hear or consider any evidence and rendered no considered judgment of its own, but, at the instance of the parties, put into the form of a judgment their private agreement.

This court is of the view that the present application should be denied.

---

1. No opinion for publication.