## TEXTILE PRODUCTS v. FORMAX MFG. CORP.

### Civ. A. No. 10786.

United States District Court
E. D. Michigan, S. D.

Dec. 4, 1952.

Kenney, Radom & Rockwell, Detroit, Mich., for plaintiff.

Lucking, VanAuken, Schumann & Greiner, Detroit, Mich., for defendant.

LEVIN, District Judge.

The plaintiff has wilfully defaulted in answering the defendant's interrogatories within the time required by Rule 33 of the Federal Rules of Civil Procedure, 28 U.S. C.A., and has defied the order of the court entered on November 10, 1952, directing it to produce for inspection certain materials and records specifically described in the order.

The plaintiff, a New Jersey corporation, on August 1, 1951, instituted this action to recover for merchandise sold to the defendant, a Michigan corporation.

It is alleged that the defendant had refused acceptance of the merchandise when tendered in accordance with the contract of sale, and that at the time of the institution of the suit the merchandise was stored in the warehouse of the plaintiff in New Jersey awaiting acceptance by the defendant.

On May 22, 1952, in the course of the preparation for trial, the defendant served interrogatories upon the plaintiff under Rule 33. No objection to the interrogatories was made at any time nor was a motion for an extension of time filed.

After efforts for settlement of the controversy proved futile, counsel for the de-

fendant insisted, on a number of occasions, that the interrogatories be answered. He received the cooperation of local counsel for the plaintiff who communicated with the plaintiff and its counsel in New Jersey but received no response.

After many attempts to obtain answers to the interrogatories the defendant, on November 4, 1952, filed a motion, supported by affidavits, to dismiss the cause under Rule 37(d), and noticed the hearing on such motion for November 10, 1952.

On November 7, 1952, the plaintiff filed an answer to the interrogatories of the defendant. The nature of the answers to the interrogatories made it incumbent upon the defendant to examine the merchandise in controversy and also certain records of the plaintiff in order that the defendant might properly prepare for trial.

The hearing on the motion to dismiss was had on November 10, 1952, and an order was entered denying the motion upon condition that the plaintiff produce for inspection at its place of business in New Jersey, the records and merchandise specifically described in the order.

Local counsel for the plaintiff conferred with the attorneys for the plaintiff in New Jersey and after arrangements were made for carrying out the inspection on November 13, 1952, the president and auditor of the defendant company appeared on that day at the New Jersey premises of the plaintiff. They were then confronted with excuses of illness and inconvenience as reasons for the non-production of the records and merchandise for their inspection.

When the agents of the defendant remonstrated with the agents of the plaintiff and explained that they had made the trip to New Jersey not only pursuant to permission granted by this court but also after they were assured that the trip to New Jersey would bring about a disclosure of the information requested, they were served with a summons, issued on that day, in an action instituted by the plaintiff against the defendant in a court of the State of New Jersey for the identical items set out in the complaint in this action.

The attorney for the defendant, on November 17, 1952, filed a motion in this court for a judgment of no cause for action, Rule 37(b), which was noticed for hearing on November 24, 1952. A number of supporting affidavits were attached to the motion.

I am satisfied that local counsel for the plaintiff has demeaned himself in an honorable manner and in accordance with the highest standards of the profession and that he is entirely innocent of the improper conduct of the plaintiff. On November 24, 1952, he explained to the court that he promptly communicated with New Jersey counsel notifying them of this motion for judgment of no cause for action and received no response. I then adjourned the matter until November 26, 1952, with the suggestion that he make another attempt to obtain from New Jersey counsel an explanation of the conduct of their client.

On November 26, 1952, local counsel informed the court that he had written a letter and sent a telegram to the New Jersey counsel to which there was no response, and I then suggested that he notify them that the court would, unless an explanation was offered immediately, enter a judgment for the defendant, and make such further orders as the court deemed appropriate in order to effectuate and protect its judgment. No explanation has been received.

A judgment may therefore be entered against the plaintiff for no cause of action, with prejudice and with costs to the defendant, Rule 37(b) (2), Federal Rules of Civil Procedure.

In order to protect and effectuate the judgment of this court, an injunction will issue permanently enjoining and restraining Textile Products, a New Jersey corporation, or any of its subsidiaries or allied companies, its attorneys, agents or servants, from proceeding with the suit entitled, "Textile Products, Inc., a corporation of New Jersey, plaintiff, v. Formax Manufacturing Corporation, a corporation, defendant," which suit is in the law division of the Essex County Court, State of New Jersey, or in any other court to which the

said suit may be removed; and from instituting or proceeding with any other action against the defendant at law or in equity, directly or indirectly, for the purpose of enforcing the claims or any part thereof forming the subject matter of the cause of action in this court. Sec. 2283, Title 28 U.S.C.A. Compare Jackson v. Carter Oil Co., 10 Cir., 179 F.2d 524.