AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO, as Trustee, etc., Petitioner-Appellee,

v.

Joseph M. TAUSSIG, Respondent-Appellant.

Ruth SAXELBY et al., Plaintiffs-Appellees,

v.

Joseph M. TAUSSIG et al., Defendants-Appellants.

Nos. 12137, 12138.

United States Court of Appeals Seventh Circuit.

April 2, 1958.

As Corrected April 29, 1958.

Rehearing Denied July 2, 1958.

766

Robert B. Johnstone, Chicago, Ill., for appellants.

Carl S. Lloyd, Weymouth Kirkland, Howard Ellis, Edwin A. Rothschild, David Levinson, Chicago, Ill., William H. Dillon, John O. Snook, and Horace A. Young, Chicago, Ill., for appellees.

Before FINNEGAN and HASTINGS, Circuit Judges, and MERCER, District Judge.

MERCER, District Judge.

Both appeals herein are from orders entered by the United States District Court for the Northern District of Illinois, Eastern Division, in the case of Ruth Saxelby, et al., v. Joseph M. Taussig, et al., Civil Action No. 45 C 2271. This litigation has previously been before this Court in Ex parte Joseph M. Taussig, No. 9586, October, 1947 Term, and in Taussig v. Chicago Title & Trust Company, 7 Cir., 171 F.2d 553.

The original complaint was filed December 20, 1945 by Ruth Saxelby, a beneficiary of a trust created under the Will of her father, Maurice Taussig. Relief was sought against her brother, Joseph M. Taussig, appellant herein, and against a co-trustee; American National Bank and Trust Company of Chicago, as Trustee, was also a defendant.

On June 4, 1947 (more than ten years ago) the District Court entered the first of seven final decrees. The first decree removed appellant and his co-trustee as testamentary trustee, appointed as their successor in trust The Northern Trust Company and directed a conveyance to the successor trustee of the real estate held by American National as land trustee for appellant. This decree also directed the appellant to execute and deliver to American National a written direction authorizing such conveyance. American National complied with the decree, conveyed the real estate to the successor trustee and advised appellant of its action. However, appellant did not execute the direction.

Thereafter, final decrees were entered October 26, 1948, December 30, 1948, June 2, 1949, October 20, 1950, May 6, 1952 and November 4, 1952. The decree of

October 26, 1948 approved the Master's Report on re-reference, overruled objections and entered additional personal judgments against appellant and Robitshek, charging fees and expenses against appellant and making the same an equitable lien against his interest. The decree of December 30, 1948 settled the controversies between the parties, entered upon express stipulation of appellant, the stipulation providing that its terms were conclusive upon all parties, including appellant, and provided that acts done in compliance with the decree "shall not be questioned or attacked, directly or indirectly in this or any other court". The decree of June 2, 1949 construed the Will of testator, authorized further distribution of the trust estate to beneficiaries, including appellant as one of the beneficiaries, and provided for attorney fees, including appellant's attorney. This decree was also entered pursuant to a stipulation executed by appellant. The decree of October 20, 1950 authorized a private sale of real estate, provided for distribution to the appellant out of the purchase price, liquidation of appellant's indebtedness and payment of appellant's attorney fees and expenses. This order was entered with appellant's consent. The decree of May 6, 1952 authorized payment of income tax deficiency assessments out of a reserve held in trust for this purpose. Appellant renewed his objections to the jurisdiction of the court but these objections were overruled. The decree of November 4, 1952 approved an accounting of the successor trustee; appellant objected upon jurisdictional grounds and the objections were overruled.

No appeal was taken from any of the above-mentioned decrees.

No action was taken by or requested of the District Court after the decree of November 4, 1952, until June 26, 1957 when a petition was filed by American National and a Motion was filed by appellant.

On June 6, 1957 appellant sued American National in the Superior Court of Cook County for $500,000.00, alleging that American National's conveyance in compliance with a former decree was a breach of agreement. The petition of American National filed June 26, 1957 prayed that appellant be ordered to comply with the decree of June 4, 1947 and that appellant be permanently enjoined from prosecuting the State Court action. The court found that appellant's failure to execute and deliver to American National a proper direction was a direct violation of the 1947 decree and that the State Court action was predicated upon such violation. Appellant was ordered to execute and deliver the direction and was permanently enjoined from prosecuting the Superior Court action. The appeal in No. 12137 is taken from this order.

On the same day, June 26, 1957, appellant filed a motion "to vacate, set aside and hold for naught and expunge from its records, this Court's final decree of June 4, 1947, all supplemental proceedings and decrees, including this Court's decree of December 30, 1948, and all other proceedings in the above cause". The Court denied appellant's motion and the appeal in No. 12138 is taken from that order.

The contested issues in these appeals are:

(1) Whether the issues sought to be reopened by appellant after ten years delay are *res judicata* by reason of their prior adjudication in the unappealed decrees of the District Court in Saxelby, et al., v. Taussig, No. 45 C 2271.

(2) Whether appellant is estopped to attack the decree of the District Court.

(3) Whether the granting of American National's petition of June 26, 1957 was a proper exercise of the District Court's power to require compliance with its decree of June 4, 1947 and to protect such decree by enjoining litigation in a state court.

(4) Whether appellant's motion to vacate and expunge from the record all final orders was correctly denied.

We are of the opinion that the District Court's decree of June 4, 1947 and subsequent decrees in which it found that it had jurisdiction are not void and the

same are *res judicata* in this case. The case of Sorenson v. Sutherland, 2 Cir., 109 F.2d 714, affirmed by Supreme Court, Jackson v. Irving Trust Co., 311 U.S. 494, 61 S.Ct. 326, 85 L.Ed. 297) states clearly the pertinent principles of *res judicata* as applied to a belated attack (by motion to vacate) on an unappealed decree on the ground that the court lacked jurisdiction to enter it.

In that case a decree was entered by the District Court 27 F.Supp. 44 against the Alien Property Custodian and the Treasurer of the United States, in an action under the Trading with the Enemy Act, 50 U.S.C.A. Appendix, § 1 et seq. A jurisdictional question was whether a party named "Sielcken" was a resident of the United States or of an enemy country, Germany, which under the Act would bar recovery. No appeal was taken by the government. About nine years later a motion was made by the Attorney General to vacate the original decree on the ground that the court lacked jurisdiction because Sielcken was, in fact, a resident of Germany. The District Court allowed the motion and entered an order vacating the original decree. The Court of Appeals reversed in an opinion which is very much in point. The pertinent part of the opinion reads as follows [109 F.2d 718]:

"* * * the court was apparently of the belief that if it found Sielcken to have been in fact a resident of Germany the issues raised by the original bill and answers and necessarily determined in favor of the plaintiffs by Judge Caffey could be disregarded because his decision was based on erroneous findings affecting jurisdiction. But whatever may have been the trend of the earlier authorities the decisions of the Supreme Court in Chicot County Drainage District v. Baxter State Bank, supra, [308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329], decided January 2, 1940, and Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104, make the decree of December 30, 1929, *res judicata* as to the issues involved in the motion to vacate. * *

In Chicot County Drainage District v. Baxter State Bank, supra, the Supreme Court held the parties to an action to be bound by a judgment of a United States District Court which necessarily involved recognition of an act as constitutional, even though the act was later in another proceeding held to be invalid, * * * Attack on the former judgment on the ground that lack of jurisdiction made it void was therefore precluded. * * *"

In Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, at page 376, 60 S.Ct. 317, 319, 84 L.Ed. 329, the Court said:

"* * * The lower federal courts are all courts of limited jurisdiction, that is, with only the jurisdiction which Congress has prescribed. But none the less they are courts with authority, when parties are brought before them in accordance with the requirements of due process, to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act. Their determinations of such questions, while open to direct review, may not be assailed collaterally."

In Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 51, 84 L.Ed. 85, the Court said:

"One trial of an issue is enough. 'The principles of *res judicata* apply to questions of jurisdiction as well as to other issues,' (citing American Surety Co. v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231), as well to jurisdiction of the subject matter as of the parties."

The appellant herein having acquiesced and having sat by for ten years after the unappealed decree of June 4, 1947 was entered, having joined in the settlement decree of December 30, 1948 and having consented to the other decrees above mentioned and having agreed to be bound thereby and not to appeal

therefrom or attack such decrees in any way, having permitted the successor trustee to take various irreversible actions under said decrees and having accepted benefits thereof, including acceptance of his distributive share of the proceeds of the sale of the Drexel property, is clearly subject to the rules of *res adjudicata* as well as being subject to estoppel, both of which preclude appellant from attacking the decrees of the District Court upon any grounds.

■ One who accepts the benefits of a judgment, decree or judicial order is estopped to deny the validity thereof. Wilson v. Union Electric L. & P. Co., 8 Cir., 59 F.2d 580; Livesay Industries v. Livesay Window Co., 5 Cir., 202 F.2d 378.

Appellant claims his motion to vacate the final decree of June 4, 1947 and all subsequent proceedings was improperly denied. He relies on Rule 60(b), Fed. Rules Civ.Proc. 28 U.S.C.A., the pertinent part of said rule providing as follows:

> "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: * * * (4) the judgment is void; * * *. The motion shall be made within a reasonable time, * * * A motion made under this subdivision (b) does not affect the finality of a judgment or suspend its operation. * * * Writs of *coram nobis, coram vobis, audita querela,* and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed by these rules or by an independent action." 28 U.S.C.A., F.R. C.P., Rule 60(b).

■ Rule 60(b) (4) applies only to void judgments. The decree of June 4, 1947 and subsequent decrees were not void judgments, hence they are not subject to vacation under said rule. Rule 60(b) (4) was not intended as, and it is not a substitute for a direct appeal from an erroneous judgment. This rule was not designed to circumvent the policy evidenced by the rule limiting the time for appeal. Ackerman v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207. It should be noted that Rule 60(b) requires that "the motion shall be made within a reasonable time." This requirement has not been met by appellant.

■ Appellant contends that the order upon the petition of American National Bank, which enjoined him from prosecuting in the State Court his suit against said bank, was erroneous. This order also directed appellant to comply *nunc pro tunc* with the decree of June 4, 1947 which required appellant to give his direction to the bank to convey the Drexel property to The Northern Trust as successor trustee under the provisions of Maurice Taussig's Will. It was evident appellant's State Court action was founded on his deliberate disobedience of the District Court's Order and it is clear that the Court on the Record before it had the power to enforce compliance with the decree. That power comes through the provision of Sec. 2283, 28 U.S.Code which expressly provides that a Court of the United States may grant an injunction to stay proceedings in a State Court "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments". That was the purpose of the injunction. Appellant cites Amalgamated Clothing Workers v. Richman Bros. Co., 6 Cir., 211 F.2d 449. This case expressly held that the injunction sought was not in aid of the federal courts' jurisdiction or to protect or effectuate a judgment of that court, the ground of the action being only that the state court action constituted an invasion of the jurisdiction of the N.L.R.B. Toucey v. New York Life Insurance Company, 314 U.S. 118, 62 S. Ct. 139, 86 L.Ed. 100, cited by appellant was rendered prior to the enactment of Sec. 2283, the purpose of which was to overcome the effect of the Toucey decision and to give federal courts the power to enjoin the relitigation of cases and controversies which have been fully ad-

judicated in such courts. Jackson v. Carter, 10 Cir., 179 F.2d 524.

No good purpose can be accomplished in extending this opinion. We find no reasons for reversal and it is therefore ordered that the Orders of the District Court upon the Motion and upon the Petition entered on June 26, 1957, be and they are hereby affirmed.

Affirmed.