COMMONWEALTH OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT, SAN JUAN PART, PEDRO SANTOS BORGES, JUDGE, Respondent; MANUEL FIGUEROA MARTORELL, now his heirs, Intervener.

No. 2813. Decided December 5, 1962.

*J. B. Fernández Badillo*, Solicitor General, and *Arturo Estrella*, Assistant Solicitor General, for petitioner. *Víctor Gutiérrez Franqui* and *Federico Ramírez Ros* for intervener.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On September 30, 1955 the Superior Court of Puerto Rico, San Juan Part, rendered final judgment in a condemnation proceeding which had been instituted 16 months prior thereto against Manuel Figueroa Martorell, vesting the Commonwealth of Puerto Rico with title over two parcels of land of 27.5668 and 0.8865 cuerdas situated in the ward of Palmer in Río Grande. The action had been brought for the use and benefit of the Social Programs Administration of the Depart-

ment of Agriculture and Commerce of Puerto Rico, and particularly for the objects and purposes of Title V of the Land Law of Puerto Rico.[1] Approximately five years later the aforesaid defendant's heirs filed in that court a motion entitled "for reversion" alleging that the remainder of some 1,500 square meters of the lands taken for distribution and cession in parcels to squatters was unfit and unadaptable to the purposes for which they were taken nor to any other public purpose,[2] for which reason the Social Programs Administration requested and obtained authorization from the Planning Board to segregate them, change their use, and lease them to Arturo Correa, who planned to devote them to the construction and operation of an automobile service station, namely, the sale of gasoline, lubricants, and other articles. They further alleged that they had taken steps to acquire the parcel in question with preference [3] over any other person.

---

[1] Sections 74 to 79 of Act No. 26 of April 12, 1941, as subsequently amended, 28 L.P.R.A. §§ 551–56. For later amendments, see 28 L.P.R.A. (1961 Supp., pp. 55–59).

[2] Section 75 of the Land Law, as recently amended by Act No. 85 of June 20, 1955, 28 L.P.R.A. § 552 (1961 Supp., pp. 55–56), provides in its pertinent part that: "The Authority [it refers to the Social Programs Administration] ... shall set apart lots to be leased to merchants and to industrial establishments where the beneficiaries of this Title of the Law may work." See the Regulations for the Establishment and Operation of Stores and Other Businesses in Rural Communities Established by the Social Programs Administration, 28 R.&R.P.R. §§ 552-1 to 552-4. See, also, *Housing Authority* v. *Sagastivelza*, 72 P.R.R. 262 (1951).

[3] This preference may be claimed when the properties condemned cease to be of public utility, Act No. 182 of May 5, 1949 (28 L.P.R.A. § 6), or when the Commonwealth or the agency which has the title to said property registered in its name "decides to alienate, in whole or in part, the properties condemned," Act No. 441 of May 14, 1947 (28 L.P.R.A. § 11). See *Housing Authority* v. *Colón*, 73 P.R.R. 208 (1952). It is to be noted that in the latter case it is necessary to serve on the interested party 90 days' prenotice of the intention to alienate the properties condemned.

These Acts were expressly declared inapplicable as to the properties acquired by the Land Administration of Puerto Rico, but a conditional preference was nonetheless consecrated in favor of former owners, § 14(*g*) of Act No. 13 of May 16, 1962 (Sess. Laws, p. 11).

After the corresponding hearing the trial court entered an order on July 6, 1960, and after concluding that the lease sought constituted a partial alienation situation [4] referred to in Act No. 441 of May 14, 1947, 28 L.P.R.A. § 11, it held that the condemning agency was under the duty "to offer [the use of] the property to the former owner and that the agency may lease to a third party only if he waives the right of preference granted by law." Consequently, it declared null and void the lease contracts executed by the Administration in favor of Arturo Correa, but instead of authorizing the reversion sought it merely ordered that the lease be executed in favor of the members of the succession of the former owner of these lands "so that it [the Administration] may be in a position to impose conditions and limitations on the lease, consistent with the policy established for the organization of these communities." Notice of this order was served upon all the parties, including Correa. The Commonwealth moved for reconsideration, which was flatly denied on July 13, 1960.

On December 6 of that year the Commonwealth filed a motion to be relieved from the order or judgment, candidly admitting that it took no further action with respect to such order because in its opinion, in view of the fact that the reversion of the title sought had been denied, the moving heirs would not attempt to abide by the terms thereof which ordered that the lease be executed in their favor.[5] Its motion was based on the alleged nullity of the order, invoking the provisions of subd. 4 of Rule 49.2. The Condemnation

[4] *Cf. Puerto Rico Drydock* v. *Secretary of the Treasury*, 85 P.R.R. 707 (1962), where the Commonwealth held a similar view.

[5] Since the parcel of land in question consists of 1,500 square meters with a large frontage on modern state highway No. 3, on which the traffic of motor vehicles is very heavy because it extends on the route and proximity of Luquillo bathing resort, for a lease rental of $48 a year, we fail to see how this idea could be cherished. As a matter of fact, the moving parties' position is more advantageous under a lessor-lessee rela-

Part flatly dismissed this motion without first holding a hearing. We issued a writ of certiorari to review the latter order.

■■ 1. The trial court's denial of the motion for relief without holding a hearing was error. In *Martínez* v. *Superior Court*, 83 P.R.R. 345 (1961), we considered a similar situation—a motion to set aside a judgment by fraud—and we said that it was sufficient to examine the six grounds on which relief from the effects of a judgment, order, or proceeding may be sought—among which is its alleged nullity—to conclude that it is necessary that the parties be heard before passing thereon, *Roca* v. *Thomson*, 77 P.R.R. 396 (1954), especially since it is necessary to introduce evidence to support the averments. However, petitioner itself admits that the motion which it filed in the trial court alleges exclusively questions of law on which we may pass directly. Although this deprives us of the benefit of knowing the respondent judge's view, it is convenient, because of the nature of the question involved, to pass upon the same at this time instead of remanding the case. *Cf. Rossy* v. *Superior Court; Heirs of Lloréns, Ints.*, 80 P.R.R. 705, 725 (1958); *Borinquen Furniture* v. *Dist. Ct.; Umpierre, Int.*, 78 P.R.R. 858, 860 (1956).

2. As stated in the statement of facts, the Commonwealth's motion to set aside the order of July 6, 1960 is based on its alleged nullity consisting, in an aspect denominated procedural character, in that the trial court exceeded itself in its pronouncements disposing of the motion by not confining itself to granting or denying the reversion sought, and in an aspect denominated substantive, that it is an undue interference of the judicial power with attributes inherent

---

tionship, since if they had obtained the reversion the amount of territorial taxes would have exceeded the annual rental. It is fitting to say that the regulations referred to in footnote 2 authorize the fixing of a rental *"calculated in accordance with the volume of business,* which rental shall not be less than $4 per month." 28 R.&R.P.R. § 552–3.

to the executive power. In fact, it is difficult to understand clearly the challenge formulated since under such designation issues which are far from the concept of nullity of judgment have been interpolated.

█ Rule 60(b) of the Rules of Civil Procedure of 1943, like its federal counterpart of the same number, did not include nullity of judgment among the grounds on which a party may seek relief from the effects of judgment. However, the power of the courts to set aside void judgments was always recognized. *Iturriaga* v. *Fernández*, 78 P.R.R. 29 (1955) ; *People* v. *632 Sq. Meters of Land*, 74 P.R.R. 897, 915 (1953) ; *Alcázar* v. *District Court*, 67 P.R.R. 680 (1947). The federal rule,[6] in 1946, and the local rule, in 1958,[7] were amended in order to incorporate the nullity of judgment among the grounds for setting aside a judgment, order, or proceeding.

██ In general terms, a judgment is void only in those cases in which it is rendered by a court without jurisdiction over the subject matter or over the person, *Iturriaga* v. *Fernández, supra; Ortiz* v. *Crescent Trading Co.*, 69 P.R.R. 464 (1949) ; 29 Cal. Jur. 2d, *Judgments*, § 120; MOORE, *op. cit.*, § 60.25(2), at 264; 3 BARRON AND HOLTZOFF, Federal Practice and Procedure 412-13, § 1327; Restatement, *Judgments*, § 4; or where the court's action is inconsistent with the due process of law. *Bass* v. *Hoagland*, 172 F.2d 205 (C.A. 5, 1949), commented in 59 Yale L. J. 345 (1950), and 62 Harv. L. Rev. 1400 (1949) ; *cf. Heirs of Rosario* v. *Heirs of Cortijo*, 83 P.R.R. 653 (1961). It has been consistently held that the provision under consideration was not intended to provide relief for error in a judgment or order on the part of the court, or to afford a substitute for the petition for appeal or review provided by law. *Title* v. *United States*, 263 F.2d

---

[6] 7 MOORE, Federal Practice 257, § 60.25(1), (2d ed.).

[7] For a comparison of the provisions of both rules, see footnote 2 of the opinion delivered in *Martínez* v. *Superior Court*, 83 P.R.R. 345 (1961).

28 (C.A. 9, 1959) ; *Elgin Nat. Watch Co.* v. *Barrett*, 213 F.2d 776 (C.A. 5, 1954). In *American National Bank & T. Co. of Chicago* v. *Taussig*, 255 F.2d 765 (C.A. 7, 1958), it is said that a motion under Federal Rule 60(*b*) on the ground that the judgment is void was not designed to circumvent the public policy evidenced by the rule limiting the time for appeal, which is none other than the convenience in the conclusiveness of judgments.

■■ An examination of the order challenged shows that it can not be held that the court lacked jurisdiction over the subject matter or the persons affected by such order. As to the jurisdiction over the subject matter, irrespective of the presumption of the courts of general jurisdiction such as the superior court, it is clear that the trial court had such jurisdiction because there is involved a controversy on the condemnation of real property; an incident which, although subsequent to the essential purpose of the action—fixing of fair and reasonable compensation—bears close relation thereto. Petitioner intimates that the trial court was without jurisdiction over the person of lessee Correa because he was not formally joined as a party. Assuming that petitioner could abrogate the latter's representation in order to raise the personal question of jurisdiction, it appears from the order rendered that Correa appeared personally at the hearing and that he had an opportunity to examine all the documents submitted and to hear the testimony of the witnesses. He was also served with notice of the resolution and order entered. This was sufficient.

■ The contention—which in our opinion is aimed at challenging the trial court's jurisdiction—that the respondent judge exceeded himself in the terms of the order issued, is without merit. He was not bound simply to decree or deny the reversion sought, but he could make any pronouncement consistent with the factual situation under consideration. Hence, the unavoidable consequence of his determination that

the lease was an alienation regarding which the law gave preference to the moving heirs was its mandate that, in pursuance of the law consecrating such preference, the contract be executed in favor of the heirs of Figueroa, in which case it was necessary to render ineffective the contract executed in favor of Correa. The same reasoning applies to the specious argument that the order amounts to a prohibitory action to prevent compliance with a law of the Legislative Assembly.

It is inescapable that all the issues raised are aimed at challenging the correctness of the order issued.[8] However, as stated hereinabove, the proper procedural medium is not a motion under Rule 49.2 of the Rules of Civil Procedure of 1958. Unfortunately for petitioner, it did not resort in due time to the remedies available. It is too late to escape the consequences of its own action.

The writ issued will be quashed and the order entered by the Superior Court, San Juan Part, on July 6, 1960 will be affirmed.

---

[8] It should not be understood that we are expressing any criterion on the correctness of the merits of the order issued by the San Juan Part.