## PERRIN et al. v. ALUMINUM CO. OF AMERICA et al.

### No. 13115.

United States Court of Appeals
Ninth Circuit.

May 23, 1952.

Koerner, Young, McColloch & Dezendorf, James C. Dezendorf, Herbert H. Anderson, Portland, Or., John Yerkovich, Portland, Or., McLean & Klingberg, Longview, Wash., for appellants.

Smith, Buchanan, Ingersoll, Rodewald & Eckert, William H. Eckert, Frank L. Seamans, Pittsburgh, Pa., Hart, Spencer, McCulloch, Rockwood & Davies, Hugh L. Biggs, William W. Wyse, Portland, Or., Metzger, Blair, Gardner & Boldt, Hilton B. Gardner, Tacoma, Wash., for appellees.

Before HEALY, BONE, and ORR, Circuit Judges.

HEALY, Circuit Judge.

This action was commenced in a Washington state court to recover damages for injury allegedly done to plaintiffs' crops by fumes from a plant of the defendant Aluminum Company, a Pennsylvania corporation. One Thayer, a resident of Washington, was joined as a defendant. One of the plaintiffs was likewise a resident of that state. The cause was removed to the federal court on petition of the corporate de-

fendant, buttressed by affidavit, asserting that Thayer was improperly and fraudulently joined. The plaintiffs moved for a remand, supporting their motion by an affidavit that Thayer was the manager in charge of the offending plant, hence had been properly joined. The motion was denied without formal findings.

Thereupon the defendants moved for a dismissal on the ground that the action was barred by a two-year statute of limitations of the State of Washington. Cf. 3 Beale, Conflict of Laws, 1620. This motion was granted and a judgment of dismissal entered. The plaintiffs appealed, asserting error both in the judgment of dismissal and in the denial of their motion to remand. We dismissed the appeal for want of jurisdiction because notice thereof had not been filed within the time prescribed by law. Judgment on mandate was thereafter entered by the district court.

The plaintiffs then moved in that court to vacate the judgment on mandate; to vacate the judgment of dismissal; to vacate the order of the district court denying remand; and for an order remanding the cause to the state court. The present appeal is from the denial of this motion.

The motion was made under Rule 60(b), Fed.Rules Civ.Proc. 28 U.S.C.A., permitting the district court to relieve a party from a final judgment, order, or proceeding for specified reasons, including under subdivision (6) "any other reason justifying relief from the operation of the judgment." Appellants appear to have placed their reliance on subdivision (6). They have not shown, nor do they claim, that there has been any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud or misconduct such as might warrant the vacation of a judgment under other provisions of the rule. They acknowledge that their motion to vacate was addressed to the legal discretion of the district court and that its decision will not be disturbed except for abuse of discretion. See Independence Lead Mines Co. v. Kingsbury, 9 Cir., 175 F.2d 983, 988, and cases cited.

We are not prepared to say that the court abused its discretion in any particular.[1] On the contrary we think its discretion was rightly exercised. Rule 60(b) was not intended to be resorted to as an alternative to review by appeal, nor as a means of enlarging by indirection the time for appeal except in compelling circumstances where justice requires that course. Cf. Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L. Ed. 283. Appellants had opportunity to obtain appellate review of the very rulings of which they now complain but failed to take advantage of the opportunity within the time prescribed by Rule 73(a). Having in consequence of their own lack of diligence been turned away at the front door they now seek entry at the rear. Certainly Rule 60(b) was not designed to afford machinery whereby an aggrieved party may circumvent the policy evidenced by the rule limiting the time for appeal. The case of Commercial Credit Corp. v. United States, 8 Cir., 175 F.2d 905, cited by counsel on oral argument, is clearly not in point.

Affirmed.

---

1. Appellants stress chiefly the absence of findings of fact on disposition of their motion to remand. They argue that the court's failure to make findings on the issue of fraudulent joinder was an irregularity justifying vacation of the order denying remand and of the subsequent judgment of dismissal. Assuming arguendo that the rules require findings on an issue raised by motion, appellants did not request findings or complain of their absence at the time. Nor do we see any adequate reason to assume that they were prejudiced by the lack of findings. Abuse of discretion can hardly be spelled out in such circumstances.

Another claim is that the failure timely to file the notice of appeal was traceable to the dilatory practice of the clerk of the district court. This claim and the wholly inadequate showing in support of it were before this court and were considered at the time the appeal was dismissed. Moreover, the point was not urged in the district court as a reason for vacating the judgment.