**Arthur HAYWARD, Jr., Appellant,**

v.

**Kenneth C. BRITT, Appellee.**

**No. 75–3669.**

United States Court of Appeals, Ninth Circuit.

March 30, 1978.

Marcus S. Topel (argued), San Francisco, Cal., for appellant.

Stan M. Helfman, Deputy Atty. Gen. (argued), San Francisco, Cal., for appellee.

Before GOODWIN, WALLACE and HUG, Circuit Judges.

PER CURIAM:

Hayward petitioned for habeas corpus on the ground that he had inadequate counsel at his state trial for motor-vehicle theft. After an evidentiary hearing, the district court entered judgment denying the petition. The judgment was filed on September 11, 1975. On December 1, 1975, Hayward filed a motion for reconsideration of the judgment. Aware that his appeal time had run, he also requested that if his motion was denied the court vacate the original judgment and reenter it. The district judge denied the motion for reconsideration but vacated the previously entered judgment and entered an identical new judgment based upon the earlier opinion and order denying Hayward's petition on the merits. The court also granted a certificate of probable cause to appeal. Notice of appeal from the newly entered judgment was timely.

Hayward asserts in answer to the state's motion to dismiss the appeal that this court has jurisdiction pursuant to Fed.R.App.P. 4(a) and 22(b). He claims that the motion to reconsider may be treated as a motion under Fed.R.Civ.P. 60(b), and that under certain circumstances Rule 60(b) may be used as an alternative to review by appeal and as a means of enlarging the time for appeal. *Perrin v. Aluminum Co. of America*, 197 F.2d 254, 255 (9th Cir. 1952).

Recently, in *Browder v. Director, Department of Corrections,* —— U.S. ——, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), the Supreme Court indicated that, although Rule 60(b), unlike Rules 52(b) and 59, does not contain a ten-day time limit, a motion for relief of judgment under it does not toll the time for appeal or affect the finality of the original judgment. Moreover, an appeal from an order denying a Rule 60(b) motion brings up for review only the correctness of that denial and does not bring up for review the final judgment. *Browder v. Director, Department of Corrections,* —— U.S. at ——, 98 S.Ct. 556; 7 Moore's Federal Practice ¶ 60.29, at 413–415, ¶ 60.19, at 231, ¶ 60.30[3], at 430–431 (2d ed. 1976); C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2871, at 257–259.

Hayward failed to file a timely notice of appeal and did not seek a 30-day extension of that period under Fed.R. App.P. 4(a). As he did not file a timely motion pursuant to Fed.R.Civ.P. 50(b), 52(b), or 59, neither the issuance of a certificate of probable cause nor a motion to reconsider can vest this court with jurisdiction.

The vacation and reinstatement of the judgment are an attempt to circumvent the time requirements for the filing of an appeal. Had the district court granted the Rule 60(b) motion and entered a new and different judgment, the time for appeal would date from the entry of that judgment. C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2871, at 258. But the motion was not granted, and no new judgment was entered. The motion to dismiss the appeal must be allowed.

Dismissed.