SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

The SEABOARD CORPORATION, etc., et al., Defendants.

SEABOARD LEVERAGE FUND and Admiralty Fund, Cross-Claimants/Appellees,

v.

Jerry Charles SPELLMAN, Cross-Defendant/Appellant.

80–5504.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1981.

Decided Jan. 25, 1982.

Sheldon M. Jaffee, Williams, Jaffee & Stewart, Santa Monica, Cal., for cross-defendant/appellant.

Stephen H. Marcus, Greenberg, Bernhard, Weiss & Karma, Inc., Los Angeles, Cal., for cross-claimants/appellees.

Before FERGUSON and NORRIS, Circuit Judges, and CRAIG,* District Judge.

FERGUSON, Circuit Judge:

Spellman was named as a cross-defendant in a cross-complaint filed by some of the defendants in a securities case. After failing to produce requested documents, and failing to attend his noticed deposition, he was ordered to comply, and to pay sanctions of $790. He then gave his deposition, but refused to pay the $790. Upon motion, the court struck his answer to the cross-complaint and entered a default against him, which was eventually reduced to judgment for $669,739.54. Four months later, Spellman filed a motion to set aside the judgment under Rule 60(b), Federal Rules of Civil Procedure. He now appeals from the denial of this motion, and from the denial of his subsequent motion for reconsideration. For the reasons set forth below, we reverse the decision of the district court.

Analysis here must begin with the proposition that "[a] motion for relief from judgment under Rule 60(b) . . . does not toll the time for appeal from, or affect the finality of, the original judgment." *Browder v. Director*, 434 U.S. 257, 263 n.7, 98 S.Ct. 556, 560 n.7, 54 L.Ed.2d 521. Furthermore, "[t]he Court of Appeals may review the ruling [on a Rule 60(b) motion] only for abuse of discretion . . . and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Id.* Spellman's arguments must all be evaluated solely as they bear on the district court's exercise of discretion on the Rule 60(b) mo-

---

* Honorable Walter Early Craig, Senior United States District Judge, District of Arizona, sitting by designation.

tion. He cannot prevail merely by showing that the default judgment itself was erroneous.

Most of the considerations advanced by Spellman go to the merits of the default judgment. These matters alone are not sufficient grounds for granting a Rule 60(b)(1) motion. *Browder, supra,* 434 U.S. at 263 n.7, 98 S.Ct. at 560 n.7. *See also Hayward v. Britt,* 572 F.2d 1324, 1325 (9th Cir. 1978). Before the issue of Spellman's defenses can be reached, he must show mistake, surprise, inadvertence, or excusable neglect. The district court specifically found that he had failed to do so. Indeed, the court's finding, amply supported by the record, was that

> it was only through his own contumacy that he declined to participate in this suit, that his Answer was stricken, that sanctions (which remain unpaid) were imposed, that a default was taken against him, and that judgment was entered. The steps taken by Spellman show a pattern of conscious behavior that cannot be characterized as inadventence.

Spellman also argues that his motions should have been granted because the court was without power to strike his answer and enter default for his. mere failure to pay discovery sanctions. If the court was without such power, and the judgment therefore void, then it may be set aside under Rule 60(b)(4).

■ Rule 37(b), Federal Rules of Civil Procedure, authorizes courts to employ various sanctions, including "striking out pleadings or parts thereof ... or rendering a judgment by default," Rule 37(b)(2)(C), when "a party ... fails to obey an order to permit or provide discovery, including an order made under subdivision (a) of this rule," Rule 37(b)(2). The order Spellman violated by refusing to pay $790 was an order made under Rule 37(a). Since the order required him not only to pay money, but also to give his deposition, it was clearly also "an order to provide or permit discovery." However, the parties agree that he complied with the order insofar as it required him to give his deposition. Thus,

in support of the default, the Funds, and the district court, must rely solely on the failure to obey that part of the court's order requiring the payment of money. Neither side has cited any case where sanctions were imposed under Rule 37 merely for the failure to pay money ordered to be paid under Rule 37(a)(4). Nor has our research disclosed any such case. In view of the language of Rule 37 referring to the failure to obey an order "to permit or provide discovery," and the absence of any case construing this to apply to a failure to obey only that part of such an order requiring the payment of money sanctions, it is arguable that Rule 37 does not authorize sanctions in such a case. We need not consider that question, however, since a mere failure of the court to limit its orders to those authorized by the Rules of Civil Procedure need not signal a lack of *power* to issue such orders, however much it might indicate that the resulting orders are infected with error reversible on direct appeal, or correctible through a Rule 60(b)(1) motion where mistake, inadvertence, surprise, or excusable neglect is shown.

■ In this case, however, there was a more fundamental limitation on the court's power than any imposed by Rule 37. *Hovey v. Elliott,* 167 U.S. 409, 413, 444, 17 S.Ct. 841, 843, 854, 42 L.Ed. 215 (1897), held that a court may not strike an answer and enter a default merely to punish a contempt of court. The contempt involved in that case was the failure to pay into the registry of the court a fund which was the subject of the litigation. The Court held that the entry of default in those circumstances violated the defendant's fourteenth amendment right to a hearing, and held further that the judgment in such a case would be "void for want of jurisdiction, and may therefore be collaterally attacked," *id.* at 444, 446–47, 17 S.Ct. at 854, 855.

*Hovey v. Elliott* was subsequently limited by the decision in *Hammond Packing Co. v. Arkansas,* 212 U.S. 322, 349–54, 29 S.Ct. 370, 379–81, 53 L.Ed. 530 (1909). *Hammond* only held, however, that a court had the power to strike an answer and enter default

when a party failed to produce evidence. "[T]he generating source of the power [to strike the answer and enter default] was the right to create a presumption flowing from the failure to produce." *Id.* at 351, 29 S.Ct. at 380. The question raised by the instant case, therefore, is whether it illustrates an attempt to exercise the punitive power struck down in *Hovey*, or whether it involves an exercise of the court's power to presume that a party who fails to produce evidence does so because the evidence will not help his case.

This court recently held that *Hovey* does not apply when sanctions are imposed under Rule 37 "for 'the suppression or failure to produce the proof ordered, when such proof concerned the rightful decision of the cause.'" *G–K Properties v. Redevelopment Agency*, 577 F.2d 645, 648 (9th Cir. 1978), *quoting Hammond, supra*, 212 U.S. at 351, 29 S.Ct. at 380. The Tenth Circuit's characterization of the bearing of *Hovey* and *Hammond* on Rule 37 sanctions is also instructive:

> Briefly, the latter case [*Hovey*] held that an answer could not be striken and all right to defend could not be denied as a mere punishment for failing to comply with a court order. *Hammond* pared the *Hovey* decision by holding that a court could properly strike an answer and enter default judgment under circumstances where a party fails to produce documents as ordered. The court stated that trial courts have inherent power to presume the bad faith and untruth of an answer where the proof was suppressed provided it was essential to the disposition of the case.

*Norman v. Young*, 422 F.2d 470, 473 (10th Cir. 1970). In the present case, default was entered *after* Spellman had given his deposition. It cannot, therefore, have been founded on an exercise of the court's inherent power to make presumptions in response to a party's refusal to supply evidence. Rather, it appears to have been punitive in nature. We conclude that this case does not fall within the *Hammond* exception to *Hovey*, and that the default judgment entered against Spellman was void for want of jurisdiction.

 Rule 60(b) is to be given a liberal construction. "Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments." *Patapoff v. Vollstedt's, Inc.*, 267 F.2d 863, 865 (9th Cir. 1959), *quoting Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951). Under that standard, and in view of the principle laid down in *Hovey*, the district court committed an abuse of discretion in refusing to set aside the default judgment against Spellman.

REVERSED.