979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louise CURTIS, Plaintiff-Appellant,
v.
AIRPORT AUTHORITY OF WASHOE COUNTY, Defendant-Appellee.
 No. 91-16345.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 20, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 In this action arising under Title VII, 42 U.S.C. § 2000(e), Louise Curtis appeals the denial of her motion for relief under Rule 60(b) from the district court's dismissal of her pendent state law claims. After a bench trial, the district court entered judgment against Curtis on her Title VII claim and dismissed without prejudice her pendent state law claims for wrongful termination in violation of public policy and breach of the implied covenant of good faith and fair dealing. We dismiss the appeal and impose sanctions on Curtis of $500.00.
 
 DISCUSSION
 
 3
 Curtis did not appeal the judgment dismissing her pendent state law claims. We therefore lack jurisdiction to consider Curtis' claim that the district court erred in dismissing her pendent claims. See Fed.R.App.P. 4(a). We review only the denial of Curtis' Rule 60(b) motion. Browder v. Director, Dept. of Corrections, 434 U.S. 257, 263 (1978) (holding that an appeal from an order denying a Rule 60(b) motion brings up for review only the correctness of that denial and does not bring up for review the final judgment); Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989).
 
 
 4
 Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court. Northern Alaska Environmental Center v. Lujan, 961 F.2d 886, 889 (9th Cir.1992); Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991).
 
 
 5
 Curtis alleges only that the district court abused its discretion in its original judgment of dismissal of her pendent state claims. Curtis has not shown, nor does she claim, that there has been any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misconduct, or any other reason to warrant relief from judgment under Rule 60(b). See Perrin v. Aluminum Co. of America, 197 F.2d 254, 255 (9th Cir.1952).
 
 
 6
 Rule 60(b) is not designed as a vehicle to circumvent the rule limiting the time for appeal. Id. "It must be perfectly clear that [Curtis] is seeking to appeal from the original judgment by indirection after the time has expired. What [s]he cannot do directly, [s]he cannot do indirectly." Demers v. Brown, 343 F.2d 427, 428 (9th Cir.), cert. denied, 382 U.S. 818 (1965); See Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir.1978).
 
 
 7
 Although we lack jurisdiction to consider the merits of this appeal we may impose sanctions under Fed.R.App.P. 38. Trohimovich v. Commissioner of Internal Revenue, 776 F.2d 873, 875 (9th Cir.1985). We decline to do so.
 
 
 8
 The appeal is DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3