**Gilbert YNIQUES; Angel Diaz; Carl S. Ramos; John Balderama; Tony L. Hernandez, Plaintiffs–Appellants,**

v.

**Victor G. CABRAL; Mario G. Obledo, Defendants–Appellees.**

**No. 91–15865.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 16, 1992.

Decided Feb. 16, 1993.

Henry D. Nunez, Fresno, CA, for plaintiffs-appellants.

Douglas B. Lange and Kenneth L. Moes, Archbald & Spray, Santa Barbara, CA, for defendants-appellees.

Before: WALLACE, Chief Judge, and SCHROEDER and POOLE, Circuit Judges.

POOLE, Circuit Judge:

The district court dismissed plaintiff Gilbert Yniques' lawsuit after defendant Victor Cabral removed the case from state court and Yniques joined Cabral's law partner as a defendant, and subsequently declined to reconsider its order. Yniques argues that 28 U.S.C. § 1447(e) requires a district court to remand a complaint to state court where the plaintiff has joined a non-diverse defendant to the action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand with instructions to remand the case to state court.

I

On October 19, 1989, Gilbert Yniques filed this lawsuit against his former attorney Victor Cabral in the Superior Court of

California in and for Kern County. Yniques' complaint alleged that Cabral breached a contract to represent Yniques on a claim against a federal agency and to file a tort suit against the United States government. The complaint also alleged that Cabral negligently performed his professional services. Cabral removed the case to the federal court for the Eastern District of California on January 26, 1990. On October 15, 1990, Yniques moved to amend his complaint to add additional causes of action, expand the original claim, and join as a party defendant Cabral's law partner Mario Obledo. The district court granted leave to amend and Yniques filed his amended complaint on January 25, 1991.

On January 30, 1991, the district court *sua sponte* dismissed the complaint without a hearing. The court's order noted that the addition of Obledo as a party defendant destroyed complete diversity of citizenship between the parties and thus eliminated the court's subject matter jurisdiction. Yniques did not file a timely notice of appeal from this order. Instead, on February 8, 1991, Yniques moved pursuant to Fed.R.Civ.P. 60(b) for reconsideration of the dismissal order. Yniques suggested as an alternative to dismissal the remand of the case to the Kern County Superior Court. The district court declined to reconsider its dismissal order on May 5, 1991. Yniques filed his notice of appeal from the court's denial of the motion to reconsider on May 31, 1991.

## II

■ We must first decide whether we have jurisdiction over the order of dismissal and the denial of reconsideration. Cabral argues that we have jurisdiction only over the latter; Yniques asserts that the motion for reconsideration tolled the time limit to appeal the dismissal order and consequently that the underlying dismissal order is properly before this court. Cabral is correct.

The motion to reconsider in this case cannot be considered a motion pursuant to Fed.R.Civ.P. 59 because Yniques himself characterized it as one filed pursuant to Fed.R.Civ.P. 60(b). A Rule 60(b) motion "does not affect the finality of a judgment or suspend its operation." *Id.; see also Notes of Advisory Comm. on Rules,* 1946 Amendment, *reprinted in Federal Civil Procedure and Rules* 158, 159 (West 1991 rev. ed.) ("Advisory Notes"). This is in contrast to a motion for a new trial or to amend or alter a judgment under Rule 59: those motions *do* affect finality and accordingly suspend the running of the time permitted for the filing of a notice of appeal. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 60–61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam); *Tripati v. Henman,* 845 F.2d 205, 206 (9th Cir.1988) (Rule 59(e) motion); *Miller v. Transamerican Press, Inc.,* 709 F.2d 524, 527–28 (9th Cir.1983) (notice of appeal filed before a Rule 60 motion not affected by filing of the motion).

■ Fed.R.App.P. 4(a)(1) requires a notice of appeal to be filed within thirty days of the entry of judgment. Yniques failed to file a timely notice of appeal from the district court's dismissal order. Yniques did, however, file a notice of appeal within thirty days of the court's denial of his Rule 60 motion. That notice of appeal, although timely, is sufficient only to secure jurisdiction over the denial of reconsideration. *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir.1990); *Hayward v. Britt,* 572 F.2d 1324, 1325 (9th Cir.1978) (per curiam); *see also* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2871, at 259 (West 1973) ("[A]n appeal from the denial of the [Rule 60] motion brings up for review only the order of denial itself and not the underlying judgment.").

Thus, we address the question whether, when a non-diverse party is joined to the action and the removal statute authorizes remand of the case to state court, the district court should have reconsidered its order dismissing the complaint.

## III

We will reverse the district court's refusal to reconsider its dismissal order only if Yniques "clear[ly] shows" an abuse of discretion. *Ellis v. Brotherhood of Railway, Airline & Steamship Clerks*, 685 F.2d 1065, 1071 (9th Cir.1982), *aff'd in relevant part*, 466 U.S. 435, 104 S.Ct. 1883, 80 L.Ed.2d 428 (1984); *see also Thompson v. Los Angeles Housing Auth.*, 782 F.2d 829, 832 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986).

A Rule 60(b) motion may be granted where, *inter alia*, the party seeking relief demonstrates that the court made a "mistake." Although Rule 60(b) "does not assume to define substantive law as to the grounds for vacating judgments, but merely prescribes the practice in proceedings to obtain relief," *Advisory Notes* at 160, it is interpreted liberally. *SEC v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir.1982). Accordingly, we have held that a district court's erroneous reading of the law is a "mistake" sufficient to require reconsideration of an order. *See Liberty Mutual Ins. Co. v. Equal Opportunity Employment Comm'n*, 691 F.2d 438, 441 (9th Cir.1982); *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir.1966). Therefore, we will reverse the district court's refusal to reconsider his dismissal order if the legal basis for it was incorrect.

## IV

28 U.S.C. § 1447(e) provides that

[i]f after removal a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, *or* permit joinder and remand the action to the State court.

(emphasis added). Prior to 1989, the general rule was that a district court that permitted the joinder of a non-diverse party to a removed case should remand the case to state court.[1] *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir.1985); *Takeda v. Northwestern National Life Ins. Co.*, 765 F.2d 815, 819 (9th Cir.1985); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1376, 1377 (9th Cir.1980); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n. 6, 1015 (3d Cir.1987). Congress codified this principle when it enacted section 1447(e) as part of the Judicial Improvements and Access to Justice Act of 1988, Pub.L. No. 100–702, § 1016, 102 Stat. 4642, 4670 (1988).

None of our sister circuits has ruled on the question whether section 1447(e) requires remand of a complaint to state court once the plaintiff joins a non-diverse party. *But see Sweeney v. Westvaco Co.*, 926 F.2d 29, 42 (1st Cir.) (remand is required) (dictum), *cert. denied*, —— U.S. ——, 112 S.Ct. 274, 116 L.Ed.2d 226 (1991); *cf. Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1275 (5th Cir.1990) (section 1447(e) does not preclude *voluntary* dismissal under Fed.R.Civ.P. 41(a)(2)). However, several district courts have cited it as authority permitting remand under such circumstances. *See Carter v. Dover Corp.*, 753 F.Supp. 577 (E.D.Penn.1991); *Coley v. Dragon Ltd.*, 138 F.R.D. 460, 467 (E.D.Va.1990); *Hughes v. Promark Lift, Inc.*, 751 F.Supp. 985, 987 (S.D.Fla.1990); *Zawacki v. Penpac, Inc.*, 745 F.Supp. 1044, 1045, 1048 n. 7 (M.D.Penn.1990) (dictum); *St. Louis Trade Diverters, Inc. v. Constitution State Ins. Co.*, 738 F.Supp. 1269, 1270–71 (E.D.Mo. 1990); *Rivera v. Duracell*, 1990 WL 204357, *1 (S.D.N.Y.1990); *Righetti v. Shell Oil Co.*, 711 F.Supp. 531, 533–35 (N.D.Cal.1989); *Heininger v. Wecare Dist., Inc.*, 706 F.Supp. 860, 862 (S.D.Fla.1989).

Although acknowledging this case law, Cabral argues that section 1447(e) does not eliminate the district court's power to dismiss a complaint when a non-diverse party is added to the removed lawsuit. We are unpersuaded. Section 1447(e) engineers a "departure" from the analysis required by Fed.R.Civ.P. 19 in that it allows the joinder of a necessary non-diverse party and a subsequent remand to state court. Under

---

1. A federal court loses its diversity jurisdiction over a case when a non-diverse party is joined or intervenes in the action. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch.) 267, 2 L.Ed. 435 (1806).

the Rule 19 approach *alone,* a necessary party who, if joined, would destroy complete diversity could be considered "indispensable," which in turn could require dismissal of the lawsuit. That is why courts sometimes dismissed complaints when plaintiffs sought to join diversity-destroying defendants before Congress enacted section 1447(e). *See, e.g., Lewis v. Lewis,* 358 F.2d 495, 502 (9th Cir.1966); *Travelers Indem. Co. v. Dingwell,* 691 F.Supp. 503, 508–09 (D.Me.1988), *aff'd,* 884 F.2d 629, 634–37 (1st Cir.1989).

■ Section 1447(e) and Rule 19 *in combination* expand the district court's options for dealing with an attempt to join a necessary, non-diverse party where the case has been removed to federal court. The court may: (1) deem the party "indispensable" and dismiss the case; (2) deem the party *not* indispensable and continue its jurisdiction over the lawsuit without joinder; or (3) allow joinder and remand the case to state court. The plain language of neither section 1447(e) nor Rule 19 gives the district court the option to authorize joinder and then dismiss the case. *See* 28 U.S.C.A. § 1447 cmt. at 57, 58 (West Supp.1992) ("Subdivision (e) . . . giv[es] the court only two options: (1) deny the motion [to join a non-diverse defendant], or (2) grant it and remand the case."); 14A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3739, at 138 (West Supp.1992) (Congress sought to *expand,* not limit, the flexibility provided a district court by Rule 19 where a plaintiff has joined a diversity-destroying necessary party).

Our interpretation of section 1447(e) is supported by the history of section 1447(e) and its predecessors. An early predecessor to section 1447(e) specified that a federal court must *either* "dismiss the suit or remand it to the court from which it came[,] as justice may require." Act of Mar. 3, 1875, ch. 137, § 5, 18 Stat. Pt. III 470, 472. Congress subsequently removed this choice

when it amended the removal statutes to provide that

> [i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case. . . .

Act of June 25, 1948, ch. 646, 62 Stat. 869, 939, *codified at* 28 U.S.C.A. § 1447(c) (1973). With the enactment of section 1447(e), Congress sought to provide litigants with a clear warning that the consequences of joining a non-diverse party may include remand:

> [Section 1447(e)] takes advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal. Joinder coupled with remand may be more attractive than either dismissal under [Fed. R.Civ.P.] 19(b) or denial of joinder. . . . Th[e] provision also helps to identify the consequences that may follow removal of a case with unidentified fictitious defendants.

H.R.Rep. No. 889, 100th Cong., 2d Sess. 72–73 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033.[2] Cabral's reading of section 1447(e) does not make sense because it would mean that Congress' enactment of section 1447(e) did not affect a district court's authority to dismiss a complaint when the plaintiff joins a diversity-destroying defendant.

■ Cabral's citation to Congress' inclusion of the word "may" in section 1447(e) fails to undermine our reading of the statute because the word is *not* used to indicate that the specified choices are only a few selected from a larger, unspecified list of other possibilities. We think its inclusion in the text of the statute indicates only that Congress intended the district courts to have *a* choice—one between the options listed in the statute and those already available under Rule 19. *See Sweeney,* 926 F.2d at 42 (section 1447(e) does not affect

---

**2.** In substituting section 1447(e) for the "old" section 1447(c) and amending the provisions of the statute, Congress rejected a proposal that would have allowed joinder of a non-diverse

party *and* permitted the district court to retain jurisdiction. *See* H.R.Rep. No. 889, 100th Cong., 2d Sess. 73 (1988), *reprinted in* 1988 U.S.C.C.A.N. at 6033–34.

preexisting powers granted by the Federal Rules of Civil Procedure).[3]

### V

■ Because section 1447(e) allows a district court, once it has permitted the joinder of a non-diverse party, only to remand the case to state court, the district court improperly dismissed this case and should have granted the Rule 60(b) motion to reconsider. Accordingly, the district court's order denying reconsideration of its order dismissing Yniques' complaint is REVERSED. The case is remanded with instructions to remand the case to the Superior Court of Kern County, California.

---

**3.** To the extent Cabral argues that Yniques' motive for joining Obledo as a party defendant affects the propriety of the district court's decision to dismiss the case, we disagree. Yniques' motive for seeking joinder of Obledo is relevant only to the question whether to permit joinder in the first place. *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1376 (9th Cir.1980).