35 F.3d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles E. McCLURE, Petitioner-Appellant,
v.
J. MARTINEZ, Warden; Grant Woods, Attorney General of the
State of Arizona, Respondents-Appellees.
 No. 94-15656.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 7, 1994.*
Decided Sept. 13, 1994.
 
 Before: HALL, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles E. McClure, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction for child molestation. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we dismiss in part and affirm in part.
 
 
 3
 The judgment of the district court in this case was entered July 1, 1992. On July 23, 1992, McClure filed a motion for reconsideration of the district court's July 1 judgment. By order entered April 7, 1993, the district court denied McClure's motion for reconsideration. On May 10, 1993, McClure filed a motion for reconsideration of the district court's April 7 order denying reconsideration of the July 1, 1992 judgment. On March 22, 1994, the district court denied the May 10, 1993 motion for reconsideration. McClure followed this denial with a notice of appeal filed March 31, 1994.
 
 
 4
 Because McClure's July 23, 1992 motion for reconsideration was made more than 10 days after entry of judgment, the motion must have been one made pursuant to Fed.R.Civ.P. 60(b), and not one made pursuant to Fed.R.Civ.P. 50(b), 52(b) or 59(e). Compare Fed.R.Civ.P. 50(b) (motion seeking judgment notwithstanding the verdict as a matter of law must be made within 10 days of entry of judgment); Fed.R.Civ.P. 52(b) (motion seeking amendment of the judgment must be made within 10 days of entry of judgment); Fed.R.Civ.P. 59(e) (motion to alter or amend judgment must be made within ten days of entry of judgment) with Fed.R.Civ.P. 60(b) (motion for relief from judgment or order must be made within "reasonable time," and in certain circumstances must be made within one year); see also Gould v. Mutual Life Ins. Co. of N.Y., 790 F.2d 769, 772 (9th Cir.), cert. denied, 479 U.S. 987 (1986) (motion for reconsideration that is untimely under Rule 59(e) may be treated as motion for relief of judgment under Rule 60(b)). Unlike motions to alter or amend the judgment made pursuant to Rules 50(b), 52(b) and 59(e), motions made pursuant to Rule 60(b) do not affect the finality of a judgment or suspend the running of the time period for filing of a notice of appeal from the judgment, Yniques v. Cabral, 985 F.2d 1031, 1033 (9th Cir.1993); Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir.1978), unless served within 10 days of the entry of judgment, Fed.R.App.P. 4(a)(4)(F).
 
 
 5
 An appeal from the denial of a petition for habeas corpus must be filed within 30 days of entry of judgment. Fed.R.App.P. 4(a)(1); Malone v. Avenenti, 850 F.2d 569, 572 (9th Cir.1988). In the instant case, McClure would have had to file a notice of appeal on or before July 31, 1992 in order to perfect his appeal of the July 1, 1992 judgment.
 
 
 6
 Where, as here, the petitioner fails to file a timely notice of appeal from the district court's final judgment order, the appeal from an order denying a Rule 60(b) motion "brings up for review only the correctness of that denial and does not bring up for review the final judgment." See Hayward, 572 F.2d at 1325; accord Yniques, 985 F.2d at 1033 (timely notice of appeal from denial of Rule 60(b) motion "sufficient only to secure jurisdiction over the denial of reconsideration"). Thus, to the extent that McClure is seeking review of the July 1, 1992 judgment, we dismiss that part of his appeal. See Hayward, 572 F.2d at 1325.
 
 
 7
 Rather than appealing from the district court's denial on April 7, 1993 of his July 23, 1992 motion for reconsideration, McClure filed what can only be construed as a Rule 60(b) motion directed at the district court's April 7, 1993 order. This procedural posture further attenuates any connection to an analysis of the merits of McClure's habeas petition. Even if our jurisdiction is limited to a consideration of whether the district court erred by denying McClure's motion to reconsider the denial of the district court's motion to reconsider the earlier judgment, cf. Browder v. Director, Dep't of Corrections of Ill., 434 U.S. 257, 263 n. 7 (1978); Yniques, 985 F.2d at 1033, in order to avoid confusion we will analyze this appeal as though it was a valid appeal of the district court's denial of McClure's initial Rule 60(b) motion.
 
 
 8
 To prevail, McClure must show that the district court's decision denying reconsideration " 'clear[ly] shows' an abuse of discretion." See Yniques, 985 F.2d at 1034 (quoting Ellis v. Brotherhood of Ry., Airline & S.S. Clerks, 685 F.2d 1065, 1071 (9th Cir.1982), aff'd in relevant part, 466 U.S. 435 (1984)). The denial of the motion must be affirmed unless the district court erred by ruling that sufficient grounds for setting aside the challenged order were not shown. Cf. Browder, 434 U.S. at 263 n. 7.
 
 
 9
 McClure's habeas petition was dismissed without prejudice for failure to exhaust his state remedies. Exhaustion of all available state remedies is a prerequisite to seeking a grant of federal habeas corpus relief. 28 U.S.C. Sec. 2254(b), (c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985). The July 23, 1992 motion for reconsideration failed to present any comprehensible argument or evidence from which the district court could conclude that it had erred by finding that McClure had failed to exhaust his state remedies. The May 10, 1993 motion for reconsideration contained no argument whatsoever outside of a McClure's otherwise unsupported claim that he had exhausted all state remedies prior to filing his federal habeas action.
 
 
 10
 In the absence of any coherent argument that the district court overlooked relevant facts or law when denying McClure's first motion for reconsideration, we cannot say that the district court erred by denying his second motion for reconsideration. Cf. Yniques, 985 F.2d at 1036.
 
 
 11
 DISMISSED in part and AFFIRMED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McClure's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3