**NEW CANNON CLOCKS, a division of Home Specialty, Inc., a Michigan corporation, Plaintiff,**

v.

**UNITED STATES FIDELITY & GUARANTY, a foreign insurance corporation, Daly Merritt, Inc., a Michigan corporation, and Martin Daly, Jointly and Severally, Defendants.**

No. 95–CV–70621–DT.

United States District Court, E.D. Michigan, Southern Division.

Nov. 20, 1995.

Stuart A. Sklar, Farmington Hills, MI, for plaintiff.

John D. Honeyman, Troy, MI, for United States Fidelity.

Mary Catherine Rentz, Troy, MI, for Daly Merritt and Martin Daly.

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

DUGGAN, District Judge.

Before this Court is plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(e). Plaintiff contends that the joinder of non-diverse defendants Daly Merritt, Inc. and Martin Daly requires this Court to remand this case to the Wayne County Circuit Court. Defendants argue that the joining of non-diverse defendants subsequent to proper removal based on complete diversity of citizenship cannot divest this Court of its removal jurisdiction. They contend that this Court may allow the joinder of non-diverse parties while maintaining removal jurisdiction based solely on diversity.

### I. Background

On January 5, 1995, the original complaint in this action was brought by plaintiff against defendant United States Fidelity & Guaranty ("USF & G") in the Wayne County Circuit Court. Plaintiff New Cannon Clocks is a Michigan Corporation with its principal place of business in Detroit; defendant USF & G is a Maryland Corporation with its principal place of business in Baltimore. USF & G removed the action to this Court on February 17, 1995 based on diversity of citizenship.

Pursuant to a stipulation of both plaintiff and USF & G, this Court entered an order on June 29, 1995 allowing plaintiff to file a second amended complaint adding defendants Daly Merritt, Inc. and Martin Daly, both of which are "citizens" of Michigan. On October 6, 1995, plaintiff filed this instant motion asking this Court to remand this case to the Wayne County Circuit Court pursuant to 28 U.S.C. § 1447(e) because complete diversity of citizenship was defeated when this Court permitted the joinder of non-diverse defendants Daly Merritt, Inc. and Martin Daly.

### II. Discussion

At the time of removal, there was complete diversity of citizenship because plaintiff was a Michigan Corporation with its principal

place of business in Michigan and sole defendant USF & G was a Maryland Corporation with its principal place of business in Maryland. Now, however, there is no longer complete diversity of citizenship because this Court entered an order allowing plaintiff to file a second amended complaint adding two non-diverse defendants, Daly Merritt, Inc. and Martin Daly.

Defendants contend that this Court should only be concerned with whether there was complete diversity of citizenship at the time of removal. They argue that proper removal jurisdiction based on diversity cannot be divested by the subsequent joinder of non-diverse parties, relying on *Freeport–McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991).

The holding of *Freeport–McMoRan*, however, is inapplicable here. Unlike the present case where the action was *removed* to federal court, the plaintiff in *Freeport–McMoRan* originally filed its claim in the federal court asserting diversity of citizenship as the basis for federal subject matter jurisdiction. Thus, the Supreme Court never had to consider whether the joinder of a non-diverse party after *removal* would destroy *removal* jurisdiction based on complete diversity of citizenship. In particular, the Court never had to consider the effect of 28 U.S.C. § 1447(e) on this issue.

28 U.S.C. § 1447(e), which was added to the removal statute by the Judicial Improvements and Access to Justice Act of 1988, Pub.L. No. 100–702, § 1016, 102 Stat. 4642, 4670 (1988), provides that:

> [i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Although the Sixth Circuit has yet to reach this issue, the three Circuit courts who have addressed the issue all agree that under § 1447(e), the joinder of non-diverse defendants after removal destroys complete diversity of citizenship. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 674–75 (1st Cir.1994); *Yniques v. Cabral*, 985 F.2d 1031, 1034–36 (9th Cir.1993); *Washington Suburban Sanitary Comm'n v.*

*CRS/Sirrine, Inc.*, 917 F.2d 834, 835 (4th Cir.1990). The court in *Casas* expressly distinguished *Freeport–McMoRan* by stating that:

> [f]ederal courts are courts of limited jurisdiction, and ... may exercise only the authority granted to them by Congress. Thus specific legislative directives override the general principles announced in [*Freeport–McMoRan* and other cases] (citations omitted).

*Casas*, 42 F.3d at 674. The court found § 1447(e) to be such a legislative directive overriding the principles announced in *Freeport–McMoRan*.

This Court agrees with the reasoning of the court in *Casas* and finds that complete diversity of citizenship was defeated when non-diverse defendants Daly Merritt, Inc. and Martin Daly were joined.

Therefore, pursuant to 28 U.S.C. § 1447(e), this Court does hereby REMAND this case to the Wayne County Circuit Court.