79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven G. STROWSKI, aka: Steve Strowski, Plaintiff-Appellant,
v.
Arnold KUPETZ; Rosendo Gonzalez, Defendants-Appellees.
 No. 95-55297.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtor Steven Strowski attempts to appeal pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal with prejudice of his action against Chapter 7 trustee Arnold Kupetz and his counsel, Rosendo Gonzalez (collectively "defendants") seeking relief from the bankruptcy court's November 19, 1990 judgment denying Strowski and his wife a discharge. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 Here, Strowski's notice of appeal indicated that he appealed from the district court's underlying judgment as well as from the district court's denial of his motion for reconsideration. Strowski's motion for reconsideration, however, was filed outside of the ten day period to file a motion under Fed.R.Civ.P. 59. Therefore, we may consider it a Fed.R.Civ.P. 60(b) motion. See Gould v. Mutual Life Ins. Co. of New York, 790 F.2d 769, 772 (9th Cir.), cert. denied, 479 U.S. 987 (1986). Because a Rule 60(b) motion does not affect the finality of a judgment or suspend the running of the time period for filing a notice of appeal from judgment, we only have jurisdiction over the denial of Strowski's motion. See Fed.R.App.P. 4(a); see also Yniques v. Cabral, 985 F.2d 1031, 1033 (9th Cir.1993).
 
 
 4
 "An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). We therefore confine our review to the district court's denial of Strowski's Rule 60(b) motion and we will reverse "only upon a clear showing of abuse of discretion." Id.
 
 
 5
 Here, Strowski failed to argue that any of the provisions of Rule 60(b) apply to this case, nor could he have done so successfully based upon the record. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Accordingly, the district court did not abuse its discretion by denying Strowski's Rule 60(b) motion. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3