The COLUMBIA ALUMINUM EMPLOY-EE STOCK OWNERSHIP PLAN; The Advisory Committee of the ESOP; and the Trustees of the ESOP, Plaintiffs,

v.

COLUMBIA ALUMINUM CORPORA-TION, a Delaware corporation; and Kenneth D. Peterson, Jr., an individual, Defendants.

No. CY–96–3013–AAM.

United States District Court, E.D. Washington.

March 20, 1996.

Eugene I. Annis, Lukins & Annis, Spokane, WA, for plaintiffs.

William B. Crow, Miller, Nash, Weiner, Hager & Carlsen, Portland, OR, Daniel H. Skerritt, Ater, Wynne, Hewitt, Dodson, & Skerritt, Portland, OR, John S. Moore, Velikanje, Moore & Shore, P.S., Yakima, WA, for defendants.

Jeffrey R. Freund, Leon Dayan, Bredhoff & Kaiser, P.L.L.C., Washington, DC, Steven A. Crumb, Crumb & Casey, P.S., Spokane, WA, for Amicus Curiae.

### ORDER DENYING MOTION FOR PROTECTIVE ORDER

McDONALD, District Judge.

Before the Court is defendant Columbia Aluminum's motion for protective order, Ct.

**Rec. 18.** On hearing without oral argument, plaintiffs were represented by Eugene Annis, Erika Balazs, and Michael Hines, Lukins & Annis, Spokane, Washington. Defendant was represented by William Crow, Miller, Nash, Weiner, Hager & Carlsen, Portland, Oregon, and John Moore, Velikanje, Moore & Shore, Yakima, Washington. Jeffrey R. Freund, Leon Dayan, Bredhoff & Kaiser, Washington, D.C., and Steven A. Crumb, Crumb & Casey, Spokane, appeared for *amicus curiae* United Steelworkers of America. Upon consideration of the record and the arguments presented by counsel, the Court enters the following order.

## I. BACKGROUND

Plaintiffs Columbia Aluminum Employee Stock Option Plan (the ESOP), its Advisory Committee and Trustees, and defendant Peterson—President and CEO of Columbia Aluminum—entered into a Right to Purchase Agreement (Purchase Option) under which plaintiffs own an option to purchase all Columbia Aluminum stock held by Peterson. Plaintiffs have exercised their right to purchase the 564,000 shares owned by Peterson. Plaintiffs intend to sell these shares to Brett Wilcox/Goldendale Aluminum.

Under the Purchase Option, plaintiffs were required to submit their determination of the fair market value of the shares by February 20, 1996. Additionally, Columbia tendered an offer to purchase the ESOP's rights under the Purchase Option, in addition to the ESOP's minority shareholdings. The terms of the offer required plaintiffs to accept or decline by February 1, 1996.

Plaintiffs notified Columbia informally of their desire to inspect corporate records on November 15, 1995 and December 27, 1995. Finally, on January 4, 1996, plaintiffs sent a notarized letter to Columbia, stating its purpose for the requested inspection: valuation of the Purchase Option shares. Defendants still refused plaintiffs access to corporate records.

On January 24, 1996, plaintiffs moved this Court for a preliminary injunction to compel Columbia Aluminum (Columbia) and Peterson to produce for inspection Columbia's corporate books and records. In turn, defendants moved for a protective order restricting disclosure to the ESOP, its trustees, lawyers, and financial advisors, but only after signing an "undertaking."

On January 26, after extremely expedited proceedings with oral argument, the Court granted plaintiffs' motion for preliminary injunction, denied defendants' motion for protective order, and ordered Columbia to produce immediately for inspection all corporate records. The Court further prohibited disclosure of the documents or information obtained therein to third parties absent a confidentiality agreement.

On February 16, three weeks after the Court's ruling, Columbia filed a new motion for protective order. Columbia moves the Court for a protective order to prevent plaintiffs from disclosing information obtained from Columbia's records to the union representing Columbia's employees, United Steelworkers of America (Union). Columbia again argues that disclosure must be limited to the ESOP's trustees, lawyers, and financial advisors upon signing the proffered "undertaking."

In response, plaintiffs contend that Columbia never fully complied with the Court's Order of January 26, 1996. They maintain that they cannot fulfill their fiduciary duties with respect to the Purchase Option without a full inspection of Columbia's records. The closing date for the Purchase Option is March 29, 1996.

## II. DISCUSSION

### A. Reconsideration

First, the Court makes clear that it views Columbia's motion as a Motion for Reconsideration. Columbia claims that the "court did not expressly rule on Columbia Aluminum's motion for a protective order." This statement is patently false. The Court clearly stated at oral argument that plaintiffs were entitled to inspect Columbia's corporate records and disclose information from those records to third parties, including Union representatives, provided that the third parties enter into a confidentiality agreement. Moreover, the Order dated January 26, 1996,

specifically denied defendants' motion for protective order, **Ct.Rec. 17.** Thus, the Court previously and expressly ruled on defendants' motion for protective order.

Furthermore, Columbia's arguments are no different than those presented in the original motion for protective order. Columbia attempts to differentiate this motion, purporting to limit the issue to disclosure of documents to the Union. However, a close examination of Columbia's submissions reveal a thinly veiled request for reconsideration of the Court's denial of defendants' original motion for protective order. Indeed, Columbia simply reiterates its original arguments and includes the same exhibits as attached to the original motion. Finally, the Court heard oral arguments regarding disclosure to the Union and ruled that the Union, pursuant to the nature of the Purchase Option agreement, was entitled to review the corporate documents. Therefore, the Court treats Columbia's motion as one for reconsideration.

> Under Rule 59(e),
>
> Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration.

*School Dist. No. 1J v. AC and S, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993) (citing other authority). Similarly, Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1442 (9th Cir.1991). A Rule 60(b) motion is interpreted liberally. *Yniques v. Cabral,* 985 F.2d 1031, 1034 (9th Cir.1993); *SEC v. Seaboard Corp.,* 666 F.2d 414, 417 (9th Cir.1982).

Clearly, Columbia does not meet the standards of reconsideration. They offer no new evidence, no intervening change in the law,

and no "unusual circumstance" that warrant reconsideration of the Court's original order. Accordingly, the Court denies Columbia's renewed motion for protective order. Nevertheless, the Court will explain its reasoning with respect to the Union.

### B. Disclosure to Union

■ A stockholder may inspect and copy corporate records upon written demand for any proper purpose. 8 Del.C. § 220(b). A proper purpose is "a purpose reasonably related to such person's interest as a stockholder." *Id.* Additionally, a stockholder must comply with the procedures for requesting inspection. This includes a written demand, under oath, stating the purpose for the inspection. *Id.*

Columbia concedes that plaintiffs have stated a proper purpose for inspection of Columbia's corporate records. Nevertheless, Columbia argues that plaintiffs' stated purpose in inspecting and copying corporate records is contrary to the interests of Columbia because plaintiffs intend to disclose those records to the Union.[1] *See CM & M Group, Inc. v. Carroll,* 453 A.2d 788, 792 (Del.1982) (proper purpose must not be contrary to the best interests of the corporation). However, Columbia has not shown why disclosure to the Union is contrary to the interests of Columbia.

Columbia makes the bald assertion that "the union clearly has business interests adverse to those of Columbia Aluminum and exists primarily for the purpose of exerting economic pressure on Columbia Aluminum and other employers." Motion for Protective Order at 3. Columbia assumes that the Union will use the information obtained from plaintiffs to harm Columbia in some unexplained way. The Court disagrees with this sweeping categorization of unions. Unions are designed to represent the interests of union members. On occasion, during a strike or in pending litigation, for example, those interests may be adverse to an employ-

---

1. Defendants also argue that the ESOP is using the Union as an agent to aid in the inspection of corporate records. However, the facts do not support this argument. The ESOP intends to disclose information obtained from inspection to the Union.

er.[2] However, regarding this particular transaction, the Court cannot discern what interests of the Union are adverse to Columbia's.

First, as *amicus curiae* United Steelworkers cogently explains, ESOPs are designed to encourage employee ownership in companies "to foster a regime in which employees' interests and corporations' interests would be more closely aligned so that there would be greater cooperation between employees and management." *See* Amicus Brief at 4, *citing* 129 Cong.Rec. At 16635–36. This purpose is reflected in the fiduciary duty of ESOP Trustees. To further the employees' interests, the ESOP Trustees are bound by a fiduciary duty owed to employee plan participants. Under that duty, the Trustees must disclose relevant financial information to enable participants to know whether the plan is being properly administered. *See Acosta v. Pacific Enterprises,* 950 F.2d 611, 618 (9th Cir.1991).

In this case, proper administration of the ESOP involves the exercise, or non-exercise, of the Purchase Option. Accordingly, relevant financial information about the Purchase Option must be disclosed to plan participants in furtherance of their ownership rights. This information includes information obtained from Columbia's corporate records. Thus, not only does the fiduciary duty of the trustees mandate disclosure of this information, the very nature of the ESOP and the Purchase Option agreement contemplate disclosure of corporate records to the ESOP and plan participants. For similar reasons, plaintiffs are entitled to disclose that information to the Union.

The Union has an interest in the resolution of this case and in the ESOP's exercise of its right to purchase the controlling block of company shares under the Purchase Option. The ESOP was created in furtherance of a collective bargaining agreement between Columbia and the Union. Under that agreement, Columbia transferred a block of company stock to the ESOP. Similarly, the Purchase Option agreement was agreed upon "in consideration of the foregoing premises, and other good and valuable consideration" including a "collective bargaining agreement dated August 28, 1987." Purchase Option agreement at 1. Accordingly, Union members who are plan participants in the ESOP have an ownership interest in the Purchase Option. Thus, the Union's interest is twofold. The Union has an interest in administering and "policing" the collective bargaining agreement. *See Oil, Chemical, & Atomic Workers v. NLRB,* 711 F.2d 348, 358–59 (D.C.Cir.1983). Additionally, the Union must provide "intelligent representation" of its members, some of whom, if not many, are plan participants with ownership rights in the Purchase Option. *Id.*

The Union's interests are not adverse to Columbia. The objects of the Union's interest are the ESOP and the Purchase Option. These are agreements for which the parties have already bargained. The instant concern is the proper administration of the ESOP, an interest that can hardly be considered adverse to Columbia.

Notably, plaintiffs wish to disseminate this information to avoid conflict with the Union during the transfer of controlling stock from defendant Peterson to the ESOP and to Brett Wilcox/Goldendale Aluminum. This goal is consistent with the purpose of ESOPs, as well as federal policy encouraging harmonious relations between labor and management. As the Court stated during oral argument, in light of "the obvious interest of the retirees that the Union represents in this transaction, [the Union] ought to be consulted too." Tr. at 16.

Finally, once it has exercised and completed the Purchase Option, the ESOP will control Columbia and presumably will take action it deems to be in the its best interest. It is illogical to assume that the ESOP will disclose information harmful to the Columbia when, upon execution of the Purchase Option, the ESOP will own controlling stock in the company. Columbia fails to show that disclosure of information to the Union is adverse to its own interests. Therefore, Columbia is not entitled to a protective order.

---

**2.** Defendants cite various cases for the proposition that a union's interest is adverse to an employer's. However, those cases involved vastly different facts than those at issue here.

### C. Request for Stay

Alternatively, Columbia requests a stay pending appeal if the Court denies its renewed motion for protective order. The Court is not so inclined. Columbia's actions to date have frustrated unnecessarily the Purchase Option transaction. The Court will not permit further delay.

### D. Costs and Fees

■ The Court finds Columbia's renewed motion for protective order unjustified. The Court clearly denied defendants' previous motion and ruled that plaintiffs could disclose information from Columbia's records to the Union pursuant to a confidentiality agreement. Quite simply, Columbia disagrees with that ruling. However, the proper procedure for pursuing such a disagreement is through an appeal, not through a renewed motion designed to further delay the underlying transaction. Therefore, plaintiffs are awarded costs and attorneys fees incurred as a result of Columbia's renewed motion for protective order.

### CONCLUSION

Columbia fails to show that the Union's interests in obtaining information relevant to the Purchase Option is adverse to Columbia's interests. Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for protective order is **DE-NIED.**

**IT IS FURTHER ORDERED** that defendants' motion for stay, either pending appeal or pending application for stay, is **DENIED.**

**IT IS FURTHER ORDERED** that defendants shall allow plaintiffs immediate access to all corporate books and records related to the financial condition of the corporation.

**IT IS FURTHER ORDERED** that plaintiffs shall not disclose information obtained from defendant's corporate records to the Union, its representatives, or agents absent a confidentiality agreement.

**IT IS FURTHER ORDERED** that plaintiff **SHALL FILE** a bill of costs, and counsel an affidavit of fees, within ten days of receipt of this Order, for hearing pursuant to LR 54.

Defendant may file objections within five days of service of the bill and affidavit. The Court will determine costs and fees without oral argument after receipt of the objections or the deadline for same.

**IT IS SO ORDERED.**