**ESA ENGINEERING CORPORATION,
a California corporation,
Plaintiff–Appellant,**

v.

**MITSUBISHI HEAVY INDUSTRIES
AMERICA, INC., a Delaware cor-
poration Defendant–Appellee.**

No. 99–56441.

D.C. No. CV–96–00851–GLT.

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 2001 *.

Decided March 26, 2001.

---

\* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Before HUG, B. FLETCHER, Circuit Judges, and ILLSTON, District Judge [**].

MEMORANDUM [***]

ESA Engineering Corporation appeals from the district court's order denying ESA's Fed.R.Civ.P. 60(b) motion for reconsideration of the dismissal of ESA's action for failure to prosecute. ESA's notice of appeal designated only the order denying ESA's motion for reconsideration. "An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." *Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir.1991); *Hayward v. Britt*, 572 F.2d 1324, 1325 (9th Cir.1978). *See* Fed. R.App. P. 3(c)(1)(B) (appeal notice must "designate the judgment, order, or part thereof being appealed").[1] We review the district court's denial of ESA's motion for reconsideration for abuse of discretion. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1157 (9th Cir.1999); *Fireman's Fund Ins. Companies v. Alaskan Pride Partnership*, 106 F.3d 1465, 1470–71 (9th Cir.1997).

The district court did not abuse its discretion in denying ESA's motion for reconsideration. The district court found that plaintiff's failure to substitute new counsel and to pursue its action was not excusable neglect under Fed.R.Civ.P. 60(b)(1). With respect to the failure to substitute counsel, the district court specifically found that ESA's assertion that ESA mistakenly believed that an appearance had been made was not credible. This Court gives deference to a district court's credibility determinations and factual findings. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). With respect to ESA's failure to prosecute the action, the district court noted that ESA had changed its counsel three times, had failed to comply with the court's order to have counsel enter an appearance, had failed to comply with the court's pretrial filing requirements, had failed to designate expert witnesses, and had failed to comply with discovery cut-off deadlines. Repeated failure to prosecute an action and comply with court-imposed deadlines can constitute inexcusable delay. *See Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 832 (9th Cir.1986). The district court's decision, therefore, was not an abuse of discretion.

Nor was the district court's denial of relief under Fed.R.Civ.P. 60(b)(6) an abuse of discretion. Rule 60(b)(6) relief is appropriate only in "extraordinary circumstances." *United States v. State of Wash.*, 98 F.3d 1159, 1163 (9th Cir.1996). The district court properly found that this case did not raise "extraordinary circum-

---

[**] Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Had ESA attempted to appeal from the underlying dismissal order, it would have been too late under Fed. R.App. P. 4(a)(1)(A)(notice required within 30 days after entry of order appealed from); *see also* Fed. R.App. P. 4(a)(4)(A)(vi)(authorizing delay where motion for Rule 60 relief filed within 10 days of entry of order appealed from). The district court's order dismissing ESA's action was entered on April 23, 1999. ESA filed its motion for reconsideration on June 21, 1999, and the district court denied that motion on July 23, 1999. ESA's notice of appeal was filed on August 9, 1999.

stances" and ESA does not discuss any such circumstances on appeal.

AFFIRMED.